**UNITED STATES of America**

v.

**David R. CONWAY.**

**Crim. No. 562-67.**

United States District Court
District of Columbia.

March 19, 1969.

William Collins, Asst. U. S. Atty., Washington, D. C., for the United States.

Alan M. Perlman, Washington, D. C., for defendant.

### MEMORANDUM OPINION

GESELL, District Judge.

This motion for production of the presentence report is based on constitutional grounds and in the alternative the request is made of the Court under Rule 32(c) (2) of the Federal Rules of Criminal Procedure to make the report available as a matter of discretion. The motion is denied in both respects.

No extended discussion is required to dispose of the constitutional claim. Imposition of sentence is a wholly discretionary act limited only by statute and the Court is not required to disclose the factors that govern his actions when sentencing. A presentence report is prepared for the Court, but it is not a part of the trial record and the nature of its contents depends on the operation of the Probation Office and the requirements of a particular judge or case. A

defendant has no vested right in the presentence report and does not have any say as to its preparation, its form or its use.

■ In refusing to disclose the presentence report under the Rule, the Court wishes to make the following statement of its reasons. In this jurisdiction the United States Attorney is not requested to make recommendations as to sentence nor does he do so except in a most exceptional case. Thus the presentence report is held confidentially from the U. S. Attorney. This is a very desirable state of affairs. The defendant's formal allocution at time of sentence is greatly supplemented by his candid and detailed interview with the probation officer. These interviews are very helpful to a sentencing judge and encouraged by the Court. If the defendant believed or had any cause to believe that his statements to the probation officer were to be turned over to the U. S. Attorney, it is certain that a valuable source of sentencing information from the defendant, and often other sources, would be compromised. Yet the Rule requires disclosure to the U. S. Attorney if disclosure is made to defense counsel. This Court does not believe the U. S. Attorney should be involved in sentencing. He is ill-equipped to perform this function, particularly under present staff conditions prevailing in this jurisdiction.

A presentence report also contains much information which has little or no significance upon the imposition of sentence. It is also contains information obtained from confidential family and other sources. No purpose is served by disclosing to defense counsel material that may be ultimately helpful to a probation officer or to prison authorities but which is not relevant or material to the sentence.

The Court had adopted a more appropriate procedure which the defendant has failed to follow in this instance, but it is the procedure that the Court proposes to continue to follow as that best adapted to the proper ends of justice. In all instances this Court is willing, and has so announced frequently, to discuss the significant aspects of a presentence report with defense counsel informally and thus place defense counsel in a position to rebut any significant information therein contained. The Court has also announced that it welcomes letters and other information from defense counsel, including reports produced by the Offender Rehabilitation Project. Where inconsistencies appear between information submitted by the defendant and information submitted in the presentence report, further investigation automatically takes place. Where the Probation Office makes a recommendation the Court often does not follow it and there is nothing automatic in the sentence process.

It is sometimes suggested that presentence reports can be excerpted and revised to disclose certain data to the defendant. This is neither expeditious nor practical. There is neither time nor secretarial facilities available to carry out the enormous, unnecessary task that this would entail.

Finally, it should be noted that in this jurisdiction the indeterminate sentence procedure is used in many sentences in a manner that leaves a considerable degree of discretion to parole authorities who can tailor the length of the sentence served to the conduct of the defendant while incarcerated and his response to rehabilitation treatment. Thus, sentencing, itself a somewhat inexact science, depends ultimately and to a considerable degree, upon post-sentence developments.

The Court is satisfied that disclosure of presentence reports will not be consistent with the interests of justice, will lead to less informative and more boilerplate types of reports, and will result in numerous delays and supplementary proceedings. The Court finds no basis for changing its established practice in this case, which has no unusual factors.