UNITED STATES of America

v.

Daniel PORTER, Jr.

Crim. No. 81–68.

United States District Court

District of Columbia.

March 24, 1969.

MEMORANDUM OPINION

GESELL, District Judge.

The Court denied defendant's motion for release pending appeal following his conviction of robbery by a jury. An order setting forth the Court's reasons for so exercising its discretion was filed in full conformity with the requirements of Rule 9(b) of the Federal Rules of Appellate Procedure, as expanded and interpreted in Weaver v. United States, 405 F. 2d 353 (D.C. Cir. 1968). Defendant has now filed a motion for rehearing.* Two members of the Court of Appeals, after hearing argument of counsel, have directed that defendant's motion for release pending in that Court be held in abeyance awaiting action on the motion for rehearing and related relief.

* This motion was first brought to the attention of the Court on March 17, 1969.

The crux of the motion for rehearing is a request that the Court make available to defendant all data on which the Court based its ruling. It is contended that the Court relied on information "dehors the record." Reliance is based on language taken from *Weaver* wherein it is stated that if the Court views defendant's release as posing a danger to the community "he should point to those factors in the record which foreshadow such a possibility."

▬ Defendant misconceives the nature of a Rule 9 proceeding and the meaning of *Weaver*.** A Rule 9(b) motion is addressed to the Court's discretion. As The Bail Reform Act, 18 U.S.C. § 3148, provides, the standard which governs the Court is simply "reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community." The Court's ruling is not rendered as a factual determination on an adversary record. If this were so, proceedings looking toward release pending appeal would be transformed into a full trial involving the taking of testimony and factual determinations by the Court from a record when eventually transcribed. This cumbersome procedure involving, as it would, much delay and numerous other problems is not contemplated by the Bail Reform Act or the Rule.

▬ A hearing in the adversary sense involving the making of a record does not occur. The convicted defendant makes unverified representations to the Court through his counsel appealing to the Court's discretion. Where the Court, in the exercise of that discretion, denies release he must do no more than state his reasons, as was done fully here. The

matter of release then lodges in the Court of Appeals. The subsequent proceedings in the Court of Appeals do not involve a review of findings on a record but merely a determination by that Court as to whether the trial court has abused its discretion following a review of the reasons stated in the order denying release under Rule 9(b).

▬ When the Court indicates its reasonable grounds for a belief, the Court draws on experience with many cases and considers the demeanor of the defendant at the trial, the facts of the case, and the patterns of his behavior demonstrated by the presentence report in reaching what is at best an educated guess. This is done with proper attention to the rights of the individual but without ignoring the countervailing interests of the community.

▬ In refusing release in this case the Court relies on the record made at the trial at which the Court presided and upon the presentence report dated June 10, 1968, which was then available. This Court has recently filed a Memorandum Opinion in United States v. Conway, 296 F.Supp. 1284 (March 19, 1969), stating its reasons for not making presentence reports available to defense counsel and the U. S. Attorney at time of sentence. There is, of course, no requirement in the Federal Rules of Criminal Procedure that the presentence report be made available to the defendant at any stage. To the extent the present motion raises the closely related question whether presentence reports used by the Court in the exercise of its discretion when denying release pending appeal must be made available to defense counsel, the Court believes the same general considerations mentioned in *Conway* apply and reaches the same result.

---

** Movant's counsel, appointed by the Court of Appeals after the trial was over, is apparently quite unfamiliar with trial procedures, and indeed he is apparently not a member of the bar of the U. S. Court of Appeals or of this Court. In the motion papers counsel improperly requests access to the trial court's bench notes and erroneously contends that the trial court considered the appeal meritorious because it permitted the defendant to exercise his rights of appeal in *forma pauperis*. It is the Court's experience that the substitution of new counsel at the appellate stage when defendant, as here, was represented by experienced trial counsel often leads to excessive paper work.

The motion for rehearing appears to this Court to be entirely frivolous. This defendant, a young adult, was convicted of a street robbery. His acts with nothing more would fully justify this Court in denying his release pending appeal as posing a danger to the community. The motion for rehearing and related relief is denied and the Clerk is directed promptly to transmit this Memorandum Opinion to the Court of Appeals.