UNITED STATES of America

v.

**James L. ISAAC, Appellant.**

**Nos. 22713, 23089.**

United States Court of Appeals,
District of Columbia Circuit.

March 10, 1970.

As Amended June 16, 1971.

Mr. Kenneth H. Liles, Washington, D. C. (appointed by this court) was on the motion for appellant.

Mr. Harvey S. Price, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the opposition for appellee.

Before BAZELON, Chief Judge, and ROBINSON, Circuit Judge, in chambers.

PER CURIAM.

### ORDER

On consideration of appellant's motion for supplementation of the record by inclusion therein of a copy of appellant's presentence report, and for disclosure of the presentence report to appellant's counsel, and appellee's response thereto, and it appearing to the Court that the government has no objection to the transmission of the presentence report for inspection by this Court *in camera*, it is

Ordered by the Court that the Probation Officer of the District Court is directed to furnish a copy of the presentence report on James L. Isaac prepared in Criminal Number 1347–68 to the Clerk of the District Court, in a sealed envelope; and that the Clerk of the District Court is directed to certify and transmit the report to this Court as a supplemental record on appeal in these cases; and it is

Further ordered that consideration of appellant's motion for disclosure of the presentence report to appellant's counsel be deferred pending action by the District Court in conformity with the attached opinion; and it is

Further ordered that the Clerk of this Court shall transmit a copy of this order the Probation Officer of the District Court and the Clerk of the District Court as soon as the business of this Court shall permit.

### OPINION

The District Court denied appellant's motion, *cf.* Fed.R.Crim.P. 32(c) (2), that a copy of his presentence report

**120**

be prepared and furnished to his counsel for use in his appeal. 299 F.Supp. 380. As a basis for denial, the District Court commendably explained [1] its "consistent policy to treat these documents as confidential communications between itself and the United States Probation Office." It concluded that "if the presentence report were to become subject to the adversary process—and indeed it would, since disclosure to defense counsel necessitates disclosure to the prosecution * * * the resulting report would be significantly less useful to the Court."

We are not unaware of the fact that disclosure of presentence reports is presently a matter of considerable controversy. Yet we are not prepared without further information to determine whether the District Court's responsibility for the exercise of discretion, contemplated by Rule 32(c) (2), is fulfilled by a broad policy to deny disclosure in all cases. In the present case, appellant has made a strong argument that part or all of the presentence report may be necessary for the adequate presentation of his claims on appeal. We do not, however, feel competent to make such a decision in the first instance. Under the circumstances, we believe that the proper procedure is to defer our decision pending further consideration by the District Court. If, upon reflection, it believes that all or part of the presentence report should not be disclosed to appellant's counsel, it should state in writing the particular reasons for which it believes specific portions of the report must remain confidential.[2] If the District Court believes that a full statement of

the reasons for confidentiality would itself breach that confidentiality, it may order that part of the statement of reasons sealed for the inspection of this Court *in camera*. It would be appreciated if such a statement could be transmitted to us within 30 days. Further consideration of appellant's motion for disclosure of the presentence report is deferred pending further action by the District Court in conformity with this opinion.*

---

1. The District Court relied in part upon the opinion in United States v. Conway, 296 F.Supp. 1284 (D.D.C.1969), which justifies refusal to order partial disclosure of presentence reports on the grounds that adequate secretarial and duplicating resources are not available for the excerpting required. While we sympathize with the District Court's lack of resources, we note that such a deficiency, without more, cuts as strongly in favor of full disclosure as it does in favor of none.

2. To the extent that the District Court believes that nondisclosure is justified on the ground that the information withheld is not available to the prosecution, it should indicate the basis for its belief that the information is not in fact so available.

* For the later history of this order, see United States v. Delaney, 142 U.S.App. D.C. ——, 442 F.2d 120 (1970).