**UNITED STATES of America**

v.

**Melvin DELANEY, a/k/a Melvin Johnson, Appellant.**

**No. 22765.**

United States Court of Appeals, District of Columbia Circuit.

June 9, 1970.

As Amended June 16, 1971.

---

Mr. Donald B. Robertson, Washington, D. C. (appointed by the Court), was on the motion for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the opposition to the motion for appellee.

Before BAZELON, Chief Judge, and ROBINSON, Circuit Judge, in Chambers.

PER CURIAM.

### ORDER

On consideration of appellant's response to the prior order of the Court herein, entered March 10, 1970, that appellant file an additional statement of his reasons for supplementation on the record on appeal, and of appellant's request for modification of the Court's prior order, and of appellant's motion for an extension of time in which to file his brief, and it appearing that the government does not oppose said motion, it is

Ordered by the Court that the order entered herein on March 10, 1970, is vacated, and the following is substituted therefor, *nunc pro tunc,*

"On consideration of appellant's motion to make his presentence report part of the record on appeal and to furnish a copy thereof to appellant's counsel, and to supplement the record on appeal by a transcript of the hearing on appellant's motion for pretrial release, and of the government's response thereto, and of appellant's reply, it is

"ORDERED by the Court that consideration of appellant's motion for disclosure of the presentence report to appellant's counsel be deferred pending action thereon by the District Court in conformity with the opinion of this Court in United States v. Isaac, No. 22,173 [142 U.S.App.D.C. ——, 442 F.2d 119] ; and it is

"FURTHER ORDERED that appellant's motion to make his presentence report part of the record on appeal be denied, without prejudice to its renewal following the District Court's ruling on his motion for disclosure of the presentence report to his counsel; and .it is

"FURTHER ORDERED that appellant's motion to supplement the record on appeal by a transcript of the hearing on appellant's motion for pretrial release be granted, Hardy v. United States, 375 U.S. 277 [84 S.Ct. 424, 11 L.Ed.2d 331] (1964) ; and it is

"FURTHER ORDERED that the Clerk of this Court shall transmit a copy of this order to the Clerk of the District Court as soon as the business of this Court shall permit."

and it is

Further ordered that the time for appellant to file his brief be, and it hereby is, extended to forty (40) days after appellant is provided a copy of his presentence report or the denial of his

request for said report is finally adjudged by this Court; and it is

Further ordered that the Clerk of this Court shall transmit a copy of this order to the Probation Officer and the Clerk of the District Court as soon as the business of this Court shall permit.

## PER CURIAM:

Appellant is again before this Court on his motion to make his presentence report part of the record on appeal. On January 3, 1969, the District Court sentenced appellant to five to fifteen years for second degree burglary, 22 D.C. Code § 1801 (b), to run concurrently with a one year sentence for petit larceny. *Id.* § 2202. A motion to revise or reduce sentence was denied on January 24. On February 3, 1969, Delaney filed an appeal *in forma pauperis* from the denial of that motion and from the judgment below, and we appointed counsel to represent him. Subsequently, appellant moved this Court to supplement the record with a copy of his presentence report and to order disclosure of the report to his counsel.[1] Examination of the report is necessary, he says, in order to "determine whether the appellant was sentenced on the basis of accurate information concerning his criminal record and other matters and whether the sentencing procedure otherwise conformed to law. Cf. Townsend v.

Burke, 334 U.S. 736 [68 S.Ct. 1252, 92 L.Ed. 1690] (1948)."

On March 10, 1970, we entered an order which (1) directed the District Court to furnish us with a copy of appellant's presentence report, and (2) denied appellant's motion for disclosure of the report to counsel, "without prejudice to its renewal if such a motion is denied by the District Court." Appellant now informs us that such a motion was denied by the trial court on July 28, 1969. Accordingly, by order today we amend the order previously entered in this case to defer action on appellant's motion for disclosure pending the District Court's reconsideration of its denial of his motion. See United States v. Isaac, 142 U.S.App. D.C. ——, 442 F.2d 119 (Nos. 22,713 & 23,089, March 10, 1970).

■ In most cases, an appellate court has no occasion to inspect a probation officer's report as a matter included in the appellate record. But where, as in this case and in *Isaac,*[2] questions are raised concerning the reasons for which a sentence was imposed, it may become necessary for the presentence report to be made a part of the record in this Court, to enable us to express a considered opinion on the appellant's contentions. Whether or not the reports are made available to counsel for the parties, they must be before us *in camera* if we are

---

1. The history of this case is as follows: On May 21, 1969, appellant moved in this Court for "additional transcript to supplement the record." We denied that motion on June 9, without prejudice to its being filed in the court below, and we extend appellant's time to file his brief. On June 20, 1969, appellant filed a motion in the District Court to supplement the record with additional transcript and his presentence report. The court on July 28, 1969, granted the motion for transcription of the preliminary hearing and grand jury minutes, and denied it as to the arraignment, hearing on pretrial release, voir dire, and opening and closing statements, and as to disclosure of the presentence report. On August 18, this court

ordered preparation of transcript of the arraignment, voir dire, and counsel's statements, and deferred action on the transcript of the bail hearing and on production of the presentence report for consideration by a motions panel.

2. Isaac assigns as error in his appeal, *inter alia,* the reasons for which he received a substantially heavier sentence than his codefendant; he argues that the court dealt more harshly with him because he "demanded his right to a fair trial," while his codefendant stood mute and indicated his willingness to plead guilty. Isaac contends that his prior criminal record was substantially the same as his codefendant's.

to "scrutinize the sentencing process to insure that the trial judge has considered the information available with some regard for its reliability, and has evaluated the information in light of the factors relevant to sentencing." [3]

■ As a result of the order entered in this case today,[4] the District Court will have before it on remand the questions whether and to what extent appellant is entitled under Fed.R.Crim.P. 32(c) (2) to inspect the probation officer's report relied upon by the court in sentencing him. It is possible that, upon viewing the report (should the District Court so allow), appellant will not wish to pursue the sentencing issue on appeal. In such case, there would be no need for a copy of the report to be incorporated in the appellate record. Consequently, we are also today amending, *sua sponte*, our prior orders in this case and in *Isaac*, to strike therefrom the requirement that the presentence reports be furnished us at this time. This action is taken without prejudice to a renewal of the motion to supplement the record with the presentence report after the District Court has ruled on the motion for disclosure. If the District Court discloses the entire report, appellant can lodge it with this Court and move that it be made part of the record; if the District Court declines to disclose all or part of the report, appellant can move this Court to order up a copy of the report, sealed for our inspection *in camera*.*

3. Scott v. United States, 135 U.S.App.D.C. 377, 379, 419 F.2d 264, 266 (1969).

4. This case is now in the same posture as *Isaac*, in which we temporarily deferred acting on the motion for disclosure in order to allow the District Court an opportunity to consider the motion further. We instructed the court below that "[i]f, upon reflection, it believes that all or part of the presentence report should not be disclosed to appellant's counsel, it should state in writing the particular reasons for which it believes specific portions of the

report must remain confidential." United States v. Isaac, *supra*, 142 U.S.App.D.C. at ——, 442 F.2d at 120. We also observed that the statement of reasons could be transmitted to us for inspection *in camera*, if the District Court concluded that such a step was necessary to preserve the reports' confidentiality.

* The June 9th order in *Isaac*, referred to in this opinion, was never entered, because of clerical error. By the time the omission was discovered, the issue was moot.