UNITED STATES of America

v.

Elvin Lee BYNUM and Joseph Cordovano, Defendants.

No. 71 Cr. 1169.

United States District Court,
S. D. New York.

June 14, 1972.

Whitney North Seymour, Jr., U. S. Atty. S. D. N. Y., by Charles B. Updike, Asst. U. S. Atty. for the United States.

Herbert I. Handman, New York City, for defendants.

POLLACK, District Judge.

The decision [1] on the issue of bail is as follows:

■ By clear rulings, both in the Fifth Circuit and in this Circuit, there is no right to bail after conviction (Smith v. United States, 434 F.2d 612, Fifth Circuit 1970; and Williamson v. United States, 184 F.2d 280, Second Circuit 1950, per Mr. Justice Jackson sitting as a Circuit Judge).

The defendants Bynum and Cordovano were two of fourteen defendants found guilty on May 1, 1972 of conspiracy to violate the Federal Narcotic laws, 21 U.S.C. Sections 173 and 174 and 26 U.S.C. Sections 4705(a) and 7237(b).

After return of the jury's verdict, the Court considered and denied bail release and ordered that these two defendants be remanded pending sentence. Thereafter, through their trial counsel respectively, defendants moved for reinstatement of the bail allowed prior to the trial.

On May 12, 1972, after oral argument based on affidavits submitted by the defendants and by the Government, the Court in a detailed statement reviewed on the record the considerations which had led it to conclude that the defendants Bynum and Cordovano would pose a danger and a threat to particular parties and to the community generally if granted bail at this time, and that no conditions of release could be fashioned that would reasonably assure against those dangers.

The defendants, now represented by newly retained counsel, have moved a second time for reinstatement of bail. No new facts are presented. They claim that they heretofore have been denied an opportunity to challenge the Government's assertion that their liberty pending sentence would create a danger to any particular individual and/or to the community, and they assert that they are entitled to an independent evidentiary hearing prior to post-conviction denial of bail pursuant to 18 U.S.C. Section 3148.

They further suggest that it is the Government's burden after conviction to show that bail release should be denied.

Section 3148 does not explicitly contain any such requirements. It provides that a defendant may be detained after conviction if "the court or judge *has reason to believe* that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community." It is sufficient that "such a risk of flight or danger is believed to exist . . . ."

In United States v. Porter, 297 F. Supp. 1117 (D.C.D.C. 1969), the court strongly rejected the suggestion that the statutory standard of reasonable belief contemplated or required "a factual determination on an adversary record," 297 F.Supp. at 1118, rather than a discretionary determination based primarily upon the facts revealed by trial, in which the court balanced the rights of the individual defendant and the "countervailing interests of the community."

Under the circumstances of this case, it is unnecessary to decide whether an adversary proceeding may be required where the court bases its denial of bail solely or primarily upon circumstances outside of the trial record, as was the case in Leary v. United States, 431 F.2d 85, 89, 91 (5th Circuit 1970).

In Leary, the problem was that the Government's reason for seeking denial of bail—that the defendant had advocated use of drugs—was outside the trial record and raised serious constitutional issues. The Court stated that the Bill of Rights in that case required a hearing 431 F.2d at 91.

Here, the Court presided at the trial, which revealed data of a highly informative and significant nature, tested in the crucible of cross-examination. The Court was enabled thereby to and did base its denial of bail release on the proof adduced at trial as to defendants' central roles in a large scale network for the purchase and distribution of narcotics and defendants' propensity, shown

1. Affirmed on appeal, in open Court, June 27, 1972 (2d Cir.)

at trial, to utilize violence as an integral part of their illegal enterprise.

The additional matter which the Government offered in support of its opposition to bail release on the previous application was "confirmatory information in the mind of the Court." United States v. Erwing, 280 F.Supp. 814 (Northern District of California 1968). Its impact was corroborative; however, its absence would not have altered the Court's determination (at 816).

Defendants' affidavits indicate their intention to challenge now the proof that they planned to murder a suspected informer. They made no attempt to mount such a challenge at trial, nor did they call as a witness Robert Wollack, the alleged victim, although they now submit his affidavit in support of their motion.

■ While they assert that denial of bail release requires that they be given an opportunity to retry these issues, there is no indication in either the statute or its legislative history, 1966 U.S. Congressional Code & Administrative News, pp. 2293, 2305, that Congress intended post conviction bail proceedings to evolve into independent "trials" when the judge who conducted the trial and heard the evidence is satisfied that the conditions requiring detention exist.

■ The defendants emphasize their record of attendance while admitted to bail pending trial and the fact that their substantial business and personal interests in the New York area militate against flight. However, the Court has considered these elements and finds their impact overridden by the verdict of the jury and the clear danger to the community and the members thereof indicated by the record of criminal activity and scheming produced at the trial.

Defendants' reliance on Stack v. Boyle 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) is misplaced. That decision involved the fixing, admittedly, of unusually high bail prior to trial, contrary to the acknowledged "right to freedom before conviction." 342 U.S. at 4, 72 S.Ct. 1,

and to the statutory standards outlined in the Federal Rules of Criminal Procedure 46(c). There is no right to bail release after conviction, and the use of the trial record on which the determination is made here is fully within the ambit of the applicable statutory provision.

Moreover, the quotation from Legal Aid Society v. Herlands, 399 F.2d 343, 347 n. 4 (2d Circuit 1968), cert. denied Birrell v. Herlands, 393 U.S. 1033, 89 S. Ct. 649, 21 L.Ed.2d 577 (1969), to which defendants refer out of context, clearly concerns only the holding that denial of bail release may constitute an appealable final order, 342 U.S. at 6, 72 S.Ct. 1.

■ Defendants denied bail after conviction are entitled to an adequate statement of the statutory condition relied upon and the reasons underlying the Court's determination that that condition exists. Weaver v. United States, 131 U.S.App.D.C. 388, 405 F.2d 353 (1968), Fed.R.App.P. 9(b). While a statement read into the record is sufficient to satisfy this requirement, United States v. Manarite, 430 F.2d 656, 657 (2d Cir. 1970), the Court will restate its findings and conclusions to avoid any confusion.

The statements of the Court on the subject on May 12, 1972 are incorporated herein as if fully repeated and the following is added or reemphasized:

There was ample evidence adduced at trial from which the jury found or could have found that Bynum and Cordovano were the major figures in a continuing enterprise involving purchase, processing and distribution of large quantities of narcotics; that defendants engaged in conspiracy comprising a wide range of criminal activity extending far beyond but as an adjunct of narcotics transactions, including police corruption, hijacking, loan sharking, assault and planned robbery and the use of lethal weapons; that they had planned the execution of two bold robberies in efforts to procure narcotics and cash, in one of which a victim was seriously

wounded, and that they had planned the murder of a suspected police informer. When arrested, several weapons were seized from Cordovano.

The magnitude of the defendants' operations and of the supply of heroin and cocaine involved, as revealed by the evidence, the organization and number of persons involved in the large scale trafficking and distributing operation, the truly fantastic proportions of the scheme of defendants weigh heavily as incentive to desperate conduct by these defendants if released.

Moreover, based on the proof, there is ample room for the inference that release of these defendants would imperil the safety of the Government's primary witness, a second informer who was formerly their associate. The fact that the trial is completed does not obviate this danger since the witness could be expected to play an equally significant role in further aspects of this case, if any, such as a retrial or any post conviction applications questioning the trial or pretrial procedures.

Based upon all of these facts and upon the demeanor evidence and testimony of defendant Bynum at trial, the Court entertains substantial reason to believe that bail release of either of these defendants would pose a very real danger to the community of continuation of their substantial involvement in narcotics traffic or in the planning or execution of acts of violence.

The defendants also challenge as error the Court's failure to make the explicit finding in the May 12, 1972, determination that none of the types of conditional release outlined in 18 U.S.C. Section 3146(a) (1–5) would obviate the danger found to be posed by bail release. The Court is sufficiently satisfied on the basis of the trial record that there is no combination of conditions which would satisfactorily obviate the danger it believes would be created by release of men whose involvement with the distribution of drugs and the planning of crimes of violence is of the nature shown in the trial record.

Accordingly, the defendants' motion for presentence release on bail should be, and is, in all respects denied.

So ordered.