**UNITED STATES of America**

v.

**Henry Allen SINE.**

**Crim. No. 78–39.**

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 30, 1978.

---

6. This has the connotation of fiction insofar as the jurisdictional amount is concerned.

Eric Wm. Ruschky, Asst. U. S. Atty., Columbia, S. C., for plaintiff.

Parks N. Small, Federal Public Defender, Columbia, S. C., for defendant.

## ORDER ON MOTION TO SET BAIL PENDING APPEAL

HEMPHILL, District Judge.

Defendant's motion to set bail pending his appeal from conviction by a jury, on April 18, 1978, on all three counts of an Indictment, previously lodged with the court on February 14, 1978, charging him with three violations of the gun laws. A basis for his prosecution appears to be the fact that in April of 1971 he had been convicted of Interstate Transportation of a Stolen Motor Vehicle and Unlawful Transportation of a Firearm in the United States District Court for the Eastern District of Virginia, Richmond Division; he was charged in Count One of the Indictment in this case with knowingly and illegally receiving a firearm which had been transported from Gastonia, N. C., to Columbia, S. C., and in Count Two with the possession of a 22–caliber semi-automatic pistol which had been shipped from Greensboro, N. C., to Florence, S. C., and in Count Three with knowingly possessing a 38–caliber semi-automatic pistol moved in interstate commerce from Dayton, Ohio, to Fort Walton Beach, Florida. He had entered a plea of Not Guilty, and a Public Defender was appointed to represent him. He was given the plethora of rights that an accused has been granted in this country, and a fair trial. Upon his conviction the court deferred sentence until a presentence report could be prepared.

At the sentence hearing, the United States asked to call Agent Billy J. Abercrombie to the stand prior to the sentence, but upon defendant's counsel objection, the court denied the motion to swear Abercrombie. After explaining the appeal rights to the defendant as set forth in Rules 3 and 4 of the Rules of Appellate Procedure, and giving the defendant the right of allocution, which he refused, the court heard the statement of the Public Defender, who stated that he had no contest with the presentence report (which had previously been made available to him), and who made a statement in the defendant's behalf. The Assistant United States Attorney, us-

ing his right of allocution, made a recommendation of commitment to federal custody.[1]

After the defendant had moved, on November 6, 1978, to set bail, the government filed an objection. On November 9, 1978, this court, taking notice of the opposition to the motion to set bail, directed that the parties file within ten (10) days such material, etc., as they would have the court consider. This has been done, and the court will receive the defendant's late materials as having been filed within the time presented, as the court's calendar denied consideration until this date.

Upon original arraignment the defendant was released on $5,000 bond, which was accomplished by a ten (10%) percent cash deposit. At that time he was presumed to be innocent, and given grace of bail despite his previous conviction of a felony. When this court had its sentence hearing on May 25, 1978, the defendant had been found guilty on all counts of the Indictment. The jury did not believe what he said, and this court did not believe what he said, in his trial, although the court made no comment to the jury before, during, or after the trial.

■ This court has reviewed its authority and responsibility under the provisions of 18 U.S.C. § 3148 [2]. This court initially recognized that it has no inherent power to admit the bail, except as derived from the Constitution and the statutes. See Corpus Juris Secundum (Bail Sections 4–5, citing *United States v. Curran*, 297 F. 946 (2nd Cir. 1924)). The court is therefore constrained to review its authority and responsibility in the light of that common law that is incorporated in the statute. Thus it is recognized that this court, not being a common law court, except where bound by a state's common law under the philosophy of *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), does not have an inherent power to grant bail to prisoners but is limited.[3] However, in those cases where the prisoner is a state prisoner, if a United States court decides it is qualified to deal with the subject matter of the complaint, or has jurisdiction over the person or the defendant, it may act. *United States v. United Mine Workers of America*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1946) [4]. See also *Johnston v. Marsh*, 227 F.2d 528 (3rd Cir. 1955) where, in a state prisoner petition case, it was held that the federal district court had the power, in the absence of specific statutory authority, to admit a state convict to bail pending hearing and disposition of his habeas corpus petition. The language of the court on page 529 is revealing:

In this case, however, as already indicated, the district court has jurisdiction of the subject matter of the complaint and the prisoner within the court's authority because he invokes its power to give him his claimed constitutional rights.

1. Ordinarily the United States Attorney makes no recommendation, as it seems to be a policy of the Department of Justice (?) to limit the discretion of the United States Attorneys and their staffs in such matters.

2. As amended October 15, 1970, the statute now reads: Release in capital cases or after conviction.

A person (1) who is charged with an offense punishable by death, or (2) who has been convicted of an offense and is either awaiting sentence or sentence review under section 3576 of this title or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the commu-

nity. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained. The provisions of section 3147 shall not apply to persons described in this section: *Provided*, That other rights to judicial review of conditions of release or orders of detention shall not be affected.

3. See 8 Am.Jur.Prudence 2nd, p. 7887, Bail and Recognizance § 8 (Authority to Grant Bail: Generally).

4. The court was discussing the right of the United States under the Norris-LaGuardia Act for an injunctive relief and the Supreme Court held that the district court had the right to determine whether or not it had jurisdiction either under the Norris-LaGuardia Act or in the alternative ground.

■ This court recognizes that the Constitution of the United States protects the accused, in this free land, from being imprisoned unjustly, in its pronouncement in Article VIII:

Excessive Bail Shall Not Be Required, Or Excessive Fines Imposed, Nor Cruel Or Unusual Punishments Inflicted.

Thus, the United States Constitution protects against both the denial of bail and the setting of excessive bail. As it is said in *United States ex rel. Siegal v. Follette,* 290 F.Supp. 632 (S.D.N.Y.1968), " . . . man's physical freedom is precious and should not be taken away prior to conviction unless confinement is necessary to insure his appearance at trial."[5] The right to bail, no less than, for example, the right to a speedy trial and the right not to suffer an excessive sentence, are the fundamental rights which the states must protect in·respect to the extent provided by the Eighth Amendment.

■ Of course the Eighth Amendment gives no absolute right to bail and prior to conviction bail may be denied if there is reason to believe that the defendant will not appear. Such is not the case here, as this is a post-trial application. The court reflects that the constitutional right to bail is lost after conviction, that there is no constitutional right to appeal, but there is a statutory right to appeal; since there is no constitutional right to appeal, there is no constitutional right to be free pending an appeal. Congress, however, has taken care of this in the statute under consideration today and furthermore in the authority given the Supreme Court of the United States in 18 U.S.C. § 3772.[6] Despite the fact that there is no constitutional right to bail after conviction, Congress has provided that such bail may be granted, setting the limitations thereupon. If bail is denied, however, defendant, after conviction, is entitled to an adequate statement of the statutory conditions relied upon and the reason underlying the court's determination that the conditions exist. See *United States v. Bynum,* 344 F.Supp. 647 (S.D.N.Y.1972), *Weaver v. United States,* 131 U.S.App.D.C. 388, 405 F.2d 353 (1968).[7]

■ In appropriate circumstances, courts are generally rather lenient in granting bail pending appeal, but it should be observed that a defendant who has been found guilty by a jury and sentenced is not necessarily entitled to bail pending appeal as a matter of law. *United States v. Bright,* 541 F.2d 471 (5th Cir. 1976), citing 18 U.S.C. § 3148.

■ The question of whether a convicted person should be released on bail pending appeal is said to rest in the sound discretion of the trial court. *United States v. Baca,* 444 F.2d 1292 (10th Cir. 1971) *cert. denied,* 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294;

---

**5.** Citing *Bandy v. United States,* 81 S.Ct. 197, 5 L.Ed.2d 218 (1960).

**6.** 18 U.S.C. § 3772 provides: Procedure after verdict

The Supreme Court of the United States shall have the power to prescribe, from time to time, rules of practice and procedure with respect to any or all proceedings after verdict, or finding of guilt by the court if a jury has been waived, or plea of guilty, in criminal cases and proceedings to punish for criminal contempt in the United States district courts, . . . . This section shall not give the Supreme Court power to abridge the right of the accused to apply for withdrawal of a plea of guilty, if such application be made within ten days after entry of such plea, and before sentence is imposed.

The right of appeal shall continue in those cases in which appeals are authorized by law, but the rules made as herein authorized may prescribe the times for and manner of taking appeals and applying for writs of certiorari and preparing records and bills of exceptions and the conditions on which supersedeas or bail may be allowed.

The Supreme Court may fix the dates when such rules shall take effect and the extent to which they shall apply to proceedings then pending, and after they become effective all laws in conflict therewith shall be of no further force.

Nothing in this title, anything therein to the contrary, notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.

**7.** Citing Rules of Appellate Procedure, Rule 9, which directs:

" . . . Upon entry of an order refusing or imposing conditions of release, the district court shall state in writing the reasons for the action taken."

*Bloss v. People of State of Michigan,* 421 F.2d 903 (6th Cir. 1970). This court finds discretion to mean concrete and specific reasons which the district judge is required to supply, in support of whatever his decision may be, especially if his decision is to deny bail. *United States v. Quicksey,* 371 F.Supp. 561 (D.C.W.Va.1974).[8] But before crucifying a defendant on the cross of discretion on his application for bail, the district court must review all of the facts before it in the hope that his opinion is entitled to the great respect ordinarily accorded the district court's judgment in such matters. *Carbo v. United States,* 302 F.2d 456 (9th Cir. 1962).[9]

Defendant did not ask for a bail hearing, as such, before the court, and the court was informed that defendant did not wish to be present for a bail hearing. As already noted, the court refused to hear a government witness in the sentencing process, as the court thought that would be prejudicial. The court has carefully reviewed the matters set forth in the motion of November 6th, and since the same are over the signature of the Public Defender, deserve the recognition of the integrity of this officer of this court. The court has since reviewed certain attachments to the bail motion, filed November 27, 1978, which consists of letters, on the filing of which the Public Defender makes the statement, "This will conclude the showing the defendant desires to make". The letters reviewed are a letter of November 17, 1977 from the defendant to the court; a copy of a letter from lawyer W. Ralph Garris, Esquire, from the firm of Garris & Garris, Attorneys at Columbia, to U. S. Parole Commission, South Central Regional Office at Dallas, Texas, dated August 28, 1978; a letter of August 28, 1978 from Claude B. Dreher, Jr., President of the Dreher Sanitary Draining and Septic Service, Inc., to the Parole Board at Dallas; a letter dated August 29, 1978 from Hagers-town, Md., directed "To Whom It May Concern", (original was sent to U. S. Bureau of Parole, Dallas) apparently in the handwriting of Mrs. Betty N. Holland, mother of the defendant; a letter from Hagerstown, Md., undated, but directed to the Bureau of Paroles in Dallas by Wilbur E. Holland, the stepfather of the defendant; a letter dated August 29, 1978, from Raymond E. Sine, brother of defendant, apparently a salesman from Monumental Life Insurance Company, directed to the U. S. Bureau of Paroles[10]; a letter dated September 14, 1978 directed "To Whom It May Concern" from Bradford H. Williams, President, of Professional Pools, Inc.; a letter dated August 29, 1978 from Harold A. Wolff, Pastor of Christ's Lutheran Church, Columbia, S. C., and directed to the Parole Board. These letters not only give support to his motion for bail but give support, apparently to whatever parole effort he is making.

As stated in the motion to set bail, pending trial, defendant was released on a $5,000 bond. He has filed a notice of appeal and certain portions of the trial transcript have not been received as yet. He states the issues he intends to raise on the appeal.

The court has also considered the response of the United States Attorney which (1) calls attention to defendant's prior felony conviction, (2) makes the statement that after the statement of the undercover operative, John Lester Butler was made available to the defense—the defendant reportedly offered $1,000 if Butler were killed, and (3) setting forth certain other information, which, although not under sworn affidavit, just as the Public Defender is not, is a statement by an officer of this court and it will be considered and entitled to the same integrity, as neither the Public Defender nor the United States Attorney reveal the

---

**8.** "It is clear * * * there is no right to bail after conviction. * * * That the standards for post-trial release are much stricter than the standards relating to pretrial release. * * * The burden is on the defendant to prove that he is not a danger to the community." [564].

**9.** See also *Harris v. United States,* 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971).

**10.** Some of these letters were copies but the court considers them as if the original were in the file.

slightest desire to misrepresent any fact to the court, and neither are suspected of such. Since the defendant did not ask for a hearing before the court, the court did not require affidavits as there was no request for same, no reason to doubt the statement of either counsel.

■ Bail is denied the defendant because this court is convinced, upon review of the entire file, that he will pose a danger to the community, and the court is not convinced that the issues purported to be raised on the appeal are not frivolous. The court's reasoning is based on the following considerations:

(1) Defendant has a previous felony conviction;

(2) A jury convicted the defendant on all three counts, despite his vehement denial, and he is therefore four times a felon before the district courts of the United States;

(3) There is ample room for the inference that the release of this defendant would impair the safety of a government witness and possibly others;

(4) Based upon the demeanor evidence and the testimony of defendant at trial, as well as the other testimony at the trial, this court is now convinced that defendant's release would pose a real danger to the community, and a probable continuation of his substantial involvement in illegal gun traffic;

(5) There is a sufficiency in the record before the court to give ample inference that he would participate with others for the perpetuation of further felonies;

(6) There is evidence at the trial about the entire climate of the operation for which defendant was accused, and which a jury has found him guilty on all three counts convinces this court, that had a bench trial been had, the court would have probably been under the duty to find him guilty;

(7) Defendant has been sentenced to a term of four years. In the light of his criminal record, bail is not indicated due to a substantial probability of flight.

The court herewith advises defendant and his counsel (who already knows) that if defendant is dissatisfied, application should be made immediately for the relief sought herein by applying to the United States Court of Appeals for the Fourth Circuit or to any judge of that court.

The court also advises defendant and his counsel (counsel already knows) that this defendant may appeal this decision and that he has a right to appeal in forma pauperis, if he be indigent, and to have counsel appointed to represent him in such appeal, if he be indigent. He also has the right to make application to the Fourth Circuit or any judge there in forma pauperis, for the relief sought here, and his present counsel is charged with that responsibility in the event defendant and his counsel are advised to go to the Fourth Circuit for the relief sought herein.

The Clerk is directed to serve a certified copy of this order upon counsel of record, and to serve the same upon defendant by mail, and to have a copy served upon the defendant personally at the detention center in which he is presently serving sentence.

The Motion for Bail is denied.

AND IT IS SO ORDERED.