¶ 1. William Chancellor, pro se, appeals an order of the Circuit Court of Hinds County, Mississippi denying his petition for post-conviction relief. Aggrieved, Chancellor perfected this appeal, raising the following issues as error:
 I. THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING CHANCELLOR'S MOTION FOR POST-CONVICTION RELIEF.
 FACTS ¶ 2. On February 1, 1990, Chancellor pled guilty to receiving stolen goods and was sentenced to a term of five years in the custody of the Mississippi Department of Corrections with four years suspended and a term of one year to serve concurrently with a revocation proceeding in a separate cause.
 ¶ 3. Thereafter, Chancellor was tried and convicted of armed robbery which occurred on May 31, 1995. Utilizing his prior conviction of receiving stolen goods to enhance his sentence, the trial court sentenced Chancellor as an habitual offender to a term of life imprisonment.
 ¶ 4. Because his conviction of receiving stolen goods was utilized to enhance his sentence for armed robbery, Chancellor filed a motion for post-conviction relief on June 20, 2000, seeking to set aside the judgment entered on February 1, 1990. The lower court dismissed this motion citing the statutory time bar limitation as set out in Miss. Code Ann. § 99-39-5 (2). It is from this motion for post-conviction relief that Chancellor now appeals.
 ANALYSIS ¶ 5. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567
(Miss. 1999).
 I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING CHANCELLOR'S MOTION FOR POST-CONVICTION RELIEF?
 ¶ 6. It is clear that Chancellor's motion for post-conviction relief was time barred *Page 702 
by the three year statute of limitations imposed by Miss. Code Ann. § 99-39-5 (2) (Rev. 2000). Chancellor argues that the time bar is circumvented because he had previously been convicted of a felony, therefore, the court did not have the authority to impose a partially suspended sentence upon his plea of guilty to the charge of receiving stolen goods.
 ¶ 7. Chancellor accurately cites Miss. Code Ann. § 47-7-33 in support of the claim that a sentence is not subject to suspension or probation when the defendant has prior felony offenses. Chancellor also accurately cites United States v. Sine, 461 F. Supp. 565, 568 (D.S.C. 1978), as precedent supporting the right to be free from an illegal sentence as a fundamental right. It is also true that "errors which affect fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their considerations." Moss v.State, 752 So.2d 427, 430 (Miss.Ct.App. 1999).
 ¶ 8. While this argument is well crafted, we find it humorous that Chancellor asserts that he should have served more time for the receiving stolen goods offense. Chancellor benefited from the lenience of the lower court judge and would now like to argue that such leniency was a violation of his fundamental rights. If the error in sentencing Chancellor for receiving stolen goods is, in fact, an error at all, it is a harmless error rather than a fundamental one, and an error we might add that benefited Chancellor. The law that states that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather than the luxury of a lesser sentence.
 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, LEE, MYERS ANDCHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. BRANTLEY, J.,NOT PARTICIPATING.