800 So.2d 561 (2001)
Danny McGLEACHIE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01647-COA.
Court of Appeals of Mississippi.
November 13, 2001.
*562 Danny McGleachie, Appellant, pro se.
Office of the Attorney General by Scott Stuart, Jackson, Attorney for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
THOMAS, J., for the Court.
¶ 1. Danny McGleachie, pro se, appeals an order of the Circuit Court of Washington County, Mississippi denying his petition for post-conviction relief. Aggrieved, McGleachie perfected this appeal, raising the following issue as error:
I. THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING MCGLEACHIE'S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.

FACTS
¶ 2. McGleachie entered a plea of guilty to a charge of conspiracy on February 18, 1986, and was sentenced to a suspended five year term. McGleachie entered a plea of guilty to conspiracy to deliver marijuana on June 26, 1987, and was sentenced to a three year term with the last year suspended. McGleachie was convicted of possession of cocaine with intent to distribute in May of 1995 and was sentenced as an habitual and subsequent offender to a sixty year term in the custody of the Mississippi Department of Corrections. McGleachie filed a motion for post-conviction relief pertaining to the June 1987 conviction on July 19, 2000. The lower court judge dismissed this motion as time barred.

ANALYSIS

I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING MCGLEACHIE'S MOTION FOR POST-CONVICTION RELIEF?
¶ 3. McGleachie claims that he should have not been sentenced to parole for his 1987 offense due to the fact that it was his second felony offense. McGleachie accurately cites Miss.Code Ann. § 47-7-33 (2000) in support of the claim that a sentence is not subject to suspension or probation when the defendant has prior felony offenses. He continues to claim that due to the fact that he was sentenced to parole, that sentence was illegal. McGleachie accurately cites United States v. Sine, 461 F.Supp. 565, 568 (D.S.C.1978), as precedent supporting the right to be free from an illegal sentence as a fundamental right. He further concludes that due to the fact that his fundamental rights were violated, the time bar should not apply to his post-conviction relief motion. It is true that "errors which affect fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their considerations." Moss v. State, 752 So.2d 427, 430 (Miss.Ct.App.1999). However, such an error was in McGleachie's favor, and we will not allow him to now cite *563 that error in claiming that his sentence was illegal.
¶ 4. We find it humorous that McGleachie asserts that he should have served more time for the June 26, 1987 conviction. McGleachie benefitted from the lenience of the lower court judge and would now like to argue that such leniency was a violation of his fundamental rights. If the error in sentencing McGleachie for the June 26, 1987 conviction is, in fact, an error at all, it is a harmless error rather than a fundamental one. It is also an error, we might add, that benefitted McGleachie. The law that states that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather than the luxury of a lesser sentence. Therefore, the motion for post-conviction relief is time barred. Because this motion for post-conviction relief is time barred, there is no need to address the assertion of ineffective assistance of counsel.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.