839 So.2d 578 (2003)
Marvin EDWARDS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01915-COA.
Court of Appeals of Mississippi.
March 11, 2003.
*579 Marvin Edwards, pro se, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before MCMILLIN, C.J., THOMAS AND CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Marvin Edwards, pro se, appeals the dismissal of his motion for post-conviction relief from a 1991 robbery conviction.

FACTS
¶ 2. Edwards was convicted three times in the Circuit Court of Humphreys County. On August 11, 1984, Edwards pled guilty to rape and was sentenced to ten years in the custody of the State Department of Corrections. On July 18, 1991, Edwards pled guilty to robbery and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with the last seven years suspended. On February 27, 1996, Edwards pled guilty to robbery and was sentenced as a habitual offender to fifteen years in the custody of the Mississippi Department of Corrections.
¶ 3. On September 20, 2001, Edwards filed a motion for post-conviction relief pertaining to the 1991 conviction. Edwards contended that the partially suspended sentence was illegal, violated his fundamental right of freedom from an illegal sentence, and could not be used to enhance his 1996 sentence. The trial court denied the motion as time barred pursuant to Miss.Code Ann. § 99-39-5(2) (Rev. 2000).

LAW AND ANALYSIS
¶ 4. The right of freedom from an illegal sentence is a fundamental right. Luckett v. State, 582 So.2d 428, 430 (Miss. 1991). We review Edwards' claims because, as a general rule, the time bar does not preclude review of a motion seeking relief from an illegal sentence. Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999). Edwards correctly argues that the partially suspended sentence was illegal. This Court has consistently held that Mississippi Code Annotated § 47-7-33 prevents a *580 trial court from wholly or partially suspending the sentence of a defendant convicted of a felony on a previous occasion. See Cooper v. State, 737 So.2d 1042, 1045 (¶ 11) (Miss.Ct.App.1999) (citing Robinson v. State, 585 So.2d 757, 759 (Miss.1991)). See also Goss v. State, 721 So.2d 144 (¶ 12) (Miss.1998) (overruled on other grounds) (holding that defendant was not entitled to partially suspended sentence as a previously convicted felon).
¶ 5. The case sub judice parallels Chancellor v. State, 809 So.2d 700, 701(¶ 3) (Miss.Ct.App.2001). In Chancellor, the defendant was convicted of armed robbery and sentenced as a habitual offender. Chancellor filed an untimely motion for post-conviction relief from one of his underlying convictions. Id. at (¶ 4). He argued that he had received an illegal sentence in the underlying conviction because, as a prior felon, he was ineligible for a suspended sentence. Id. at (¶ 6). Chancellor argued that, because of the illegal sentence, the trial court erred by using the underlying conviction to enhance his armed robbery sentence. Id. at (¶ 4). This Court found that Chancellor's challenge to the underlying conviction had no merit because Chancellor enjoyed a sentence that was illegally lenient, and only challenged the sentence when it was used to his detriment to enhance his sentence for a later crime. Id. at (¶ 8).
¶ 6. This Court revisited this issue in McGleachie v. State, 800 So.2d 561 (Miss. Ct.App.2001). In McGleachie, the defendant was convicted of possession of cocaine and sentenced as a habitual offender. Id. at (¶ 2). McGleachie filed an untimely motion for post-conviction relief from one of his underlying convictions. Id. McGleachie argued that the suspended sentence he received in the underlying conviction was illegal because, as a prior felon, he was ineligible to receive a suspended sentence. Id. at (¶ 3). This Court found that McGleachie's fundamental right of freedom from an illegal sentence was not violated by what amounted to harmless error in the form of an illegally lenient sentence that went unchallenged until after McGleachie's later conviction. Id.
¶ 7. In the instant case, Edwards was convicted and sentenced as a habitual offender. He now challenges one of his underlying convictions by arguing that the illegal partially suspended sentence he received in the conviction violated his fundamental right. As in Chancellor and McGleachie, Edwards received a sentence that was more lenient than the sentence to which he was actually entitled. As in Chancellor and McGleachie, Edwards enjoyed the benefits of an illegally lenient sentence and only challenged the sentence when the underlying conviction was used to enhance his sentence for a subsequent crime. We find that the illegal sentence did not violate Edwards' fundamental right.
¶ 8. In a recent Mississippi Supreme Court decision, it was ruled that, generally, an illegal sentence causes the defendant prejudice. Robinson v. State, 836 So.2d 747 (¶¶ 3-5) (Miss.2002). Robinson was indicted for sexual battery as a habitual offender. Id. at (¶ 6). He successfully negotiated a plea agreement to enter a plea of guilty as a non-habitual offender even though he had a prior felony conviction. Id. Robinson was given a twenty-year suspended sentence by the trial court. Id. at (¶ 9). Robinson's suspended sentence was revoked, and Robinson moved for post-conviction relief on the ground that, as a prior felon, the suspended sentence was illegal. Id. at (¶ 3). The motion was denied. Id. On appeal, this Court found that, because Robinson received a lighter sentence than he was actually entitled to receive, he suffered no prejudice, *581 and thus his fundamental right was not violated. Id.
¶ 9. The Supreme Court granted certiorari, and disagreed with our finding that Robinson suffered no prejudice from the illegally lenient sentence. Robinson, 2000-CT-02087-SCT at (¶ 4). The court went on to affirm the conviction on other grounds. Id. at (¶ 10). We find that the instant case is distinguishable from Robinson. In Robinson, the defendant was a non-habitual offender contesting an illegal suspended sentence. Id. In this case, Edwards belatedly challenges the use of the illegally suspended sentence to establish his habitual offender status.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE AND MYERS, JJ., CONCUR. SOUTHWICK, P.J., AND IRVING, J., CONCUR IN RESULT ONLY. GRIFFIS, J., NOT PARTICIPATING.