**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2003-CT-00909-SCT**

*JOE EARL SWEAT*

*v.*

*STATE OF MISSISSIPPI*

**ON WRIT OF CERTIORARI**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/14/2003 |
| TRIAL JUDGE | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART, AND THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART- 10/06/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     On certiorari, we review the Court of Appeals' judgment that affirmed in part the trial court's dismissal of the post-conviction relief motion filed by Joe Earl Sweat, but reversed and remanded for resentencing due to the trial court's improper suspension of a portion of Sweat's twenty-year sentence. *Sweat v. State*, 2004 WL 2712103 (Miss. Ct. App. 2004).  We agree that the sentencing order was incorrect under this Court's recent decisions and the statutory

scheme for resentencing prior convicted felons, but we do not agree that it is necessary to remand for resentencing. We hold that in accord with the provisions of Miss. Code. Ann. § 47-7-34 (Rev. 2004) and our plurality opinion in *Miller v. State*, 875 So.2d 194, 200 (Miss. 2004), Sweat's sentence is hereby modified to provide that he is sentenced to a term of twenty years, with eight years of incarceration and twelve years to be served under post-release supervision with five years of that post-release supervision to be by the Mississippi Department of Corrections (MDOC).

## FACTS

¶2. On June 10, 2002, Joe Earl Sweat, a prior-convicted felon, pled guilty in the Itawamba County Circuit Court to conspiracy to manufacture methamphetamine. His plea was accepted, and he was sentenced to twenty years in the custody of MDOC, with twelve years suspended and five years of post-release supervision. Sweat later filed a motion seeking post-conviction relief. The trial court summarily dismissed that motion .On November 30, 2004, the Court of Appeals affirmed the dismissal in part. However, by a 5-4 vote, it held "that the trial court erred when it suspended a portion of Sweat's twenty year sentence." *Sweat,* 2004 WL 2712103 ,*3.

It further held that only the trial court has authority to modify the sentence, because "sentencing is the exclusive prerogative of the trial courts" and concluded it must vacate the sentence and remand to the trial court for entrance of a proper sentencing order. *Id.*

## ANALYSIS

¶3. The relevant portion of Sweat's sentencing order reads as follows:

> IT IS, therefore ordered and Adjudged by the Court that the Defendant be and he/she is hereby sentenced to serve a term of twenty years in custody of the Mississippi Department of Corrections at a facility to be designated by said department, that twelve years of said sentence shall be and the same is hereby

suspended and that the defendant shall be placed under post-release supervision upon the release from the term of incarceration for a period of five years pursuant to Mississippi Code section 47-7-34 and said sentence is based upon the following conditions. . . .

The Court of Appeals read §§ 47-7-33 and -34 to conclude that the circuit court did not have the authority to suspend the imposition of Sweat's sentence, because he had been previously convicted of a felony. Thus, the Court of Appeals remanded so that his sentence could be modified. This reading is not in line with recent decisions by this Court.

¶4. The two statutes serve completely different purposes. *Miller*, 875 So.2d at 199. Section 47-7-33 allows for supervised probation, while section 47-7-34 allows for post-release supervision. Between these statutes there are two major differences: (1) a convicted felon may not be given supervised probation but may be given post-release supervision; and, (2) there is no time limit for post-release supervision while there is a five-year limit for supervised probation. *Id.* It is not disputed that, at the time of sentencing, Sweat was a prior convicted felon. Therefore, § 47-7-33 is inapplicable, and § 47-7-34 must apply.

¶5. We have held that, while § 47-7-34 limits the term of post-release supervision to five years, convicted defendants may be sentenced to a longer term. However, they may only be required to report to MDOC officials for the statutory maximum period. *Miller*, 875 So.2d at 199-200 (trial judge may sentence a prior convicted felon to more than five years provided that the period of incarceration and post-release supervision do not exceed the maximum period of time allowed for the offense). The time period that extends beyond the five-year statutory maximum for post-release supervision becomes "unsupervised" post-release supervision. *Boddie v. State*, 875 So.2d 180, 182 n.1 (Miss. 2004).

¶6. The present case is factually similar to *Miller*. In *Miller,* the defendant was incarcerated for one year and then released for ten years of supervised probation. *Miller*, 875 So.2d at 196. In that case we held that Miller's sentence should be modified so that he serves the statutory maximum of five years of "supervised" post-release supervision and five years of "unsupervised" post-release supervision. *Id*. at 200. Here, it is clear that the trial court sentenced Sweat under § 47-7-34. Therefore, we modify the trial court's sentence so that following his eight years of incarceration, Sweat will be released to twelve years of post-release supervision but that he is required to report to MDOC officials for only five years and the remaining seven years will be "unsupervised" post-release supervision.

¶7. The Court of Appeals held that any error, even one such as the present one, must be remanded to the trial court for resentencing. We now hold that it does not, and that we may resentence a convicted defendant without remanding to the trial court in cases where the error is caused by a misapplication of a sentencing statute. The Court of Appeals cites *Wallace v. State,* 607 So.2d 1184, 1188 (Miss. 1992), for the principle that sentencing of a criminal defendant is the sole prerogative of the trial court. However, *Wallace* and its progeny are distinguishable from the present case. In *Wallace,* the appellant, a criminal defendant,—sought to have his sentence reversed because it violated his Eighth Amendment right against cruel and unusual punishment *Id*. at 1188.

¶8. This case does not present the same question but is in line with *United States v. Hernandez-Guevara*, 162 F.3d 863 (5th Cir. 1998). The Fifth Circuit admitted that in most cases it is required to remand to the trial court for resentencing, but not when it is a waste of judicial resources because it would be a rote resentencing. *Id***.** at 878. We have implicitly held

4

as such several times before, but now explicitly do so. We hold that this Court must remand when the trial court commits reversible error but not when all that is required is modification of a sentence based on statutory provisions.

¶9.	We have held that generally, where a convicted defendant receives an illegal sentence, the sentence must be vacated and the case remanded to the trial court for resentencing because the defendant suffered prejudice. *See **Robinson v. State***, 836 So.2d 747 (Miss. 2002). The Court of Appeals has recently held that there is no prejudice suffered when a defendant receives an illegally lenient sentence. ***Edwards v. State***, 839 So. 2d 578, 580-81 (Miss. Ct. App. 2003). Further, when the error benefits the defendant in the form of a more lenient sentence, it is harmless error. ***Chancellor v. State***, 809 So.2d 700, 702 (Miss. Ct. App. 2001). The law which relieves defendants from the burden of an illegal sentence applies to situations where the defendant is forced to suffer a greater sentence rather than the luxury of a lesser sentence. ***Id.*** We agree with the Court of Appeals and therefore adopt its approach. Our holding today will not force Sweat to suffer incarceration for a period of time longer than he was legally obligated. It merely requires a modification of the terms of the sentence. The total sentence is within the statutory maximum for the crime for which he was convicted. The unsupervised-seven-year period does not cause Sweat to suffer a burden but rather is a luxury compared to the fact that he could have remained incarcerated during that time. Therefore, he has suffered no prejudice from the sentence of the trial court, and thus it does not require us to remand the case for resentencing.

**CONCLUSION**

¶10. For these reasons, we affirm in part and reverse in part the judgment of the Court of Appeals, and we affirm in part and reverse in part the trial court's judgment. We render judgment here that Sweat will remain incarcerated for eight years as ordered by the trial judge; at that time he will be released under § 47-7-34 for post-release supervision by MDOC for five years; and will then remain under post-release supervision for seven years but is not obligated to report to MDOC officials.

¶11. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART, AND THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**