LEE, J.,
for the court.
¶ 1. In August 2001, a Lowndes County Circuit Court jury indicted Christopher Jerome McDonald on two counts of possession of precursor chemicals with intent to manufacture methamphetamine in violation of Miss.Code Ann. § 41-29-313 (Rev. 2001). In November 2001, McDonald pled guilty to Count II, with Count I being retired, and he was sentenced to serve twelve years’ imprisonment. In August 2002, McDonald filed a motion for post-conviction relief, which was dismissed, and he now appeals to this court arguing double jeopardy and ineffective assistance of counsel. We review these arguments and find no merit; thus, we affirm.
DISCUSSION OF THE ISSUES
I. WERE THE APPELLANT’S RIGHTS AGAINST DOUBLE JEOPARDY VIOLATED?
¶ 2. At the time of McDonald’s arrest, he had in his possession boxes of sinus tablets containing ephedrine, which were packaged in boxes of forty-eight phis. With this first issue, McDonald argues that he was subjected to double jeopardy since both counts of his indictment used the same possession of ephedrine. “In reviewing a trial court’s decision to deny a motion for post-conviction relief the stan *283 dard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Chancellor v. State, 809 So.2d 700(¶ 5) (Miss.Ct.App.2001).
¶ 8. Count I of McDonald’s indictment charged him with possessing “a Methamphetamine precursor chemical, to wit: ephedrine, in an amount in excess of Two Hundred Fifty (250) dosage units, under circumstances where one reasonably should know that the said chemicals or drugs would be used to unlawfully manufacture Methamphetamine, a controlled substance, in violation of MCA § 41-29-313 .... ” (emphasis added). Count II of McDonald’s indictment charged him with possessing “at least two Methamphetamine precursor chemicals, to wit: ephedrine, liquid heat, and ethyl alcohol, under circumstances where one reasonably should know that the said chemicals or drugs would be used to unlawfully manufacture Methamphetamine, a controlled substance, in violation of MCA § 41-29-313 -” (emphasis added).
The Double Jeopardy Clause of the Fifth Amendment reads as follows, “nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb.” This proscription “has been applied to the states through the Due Process Clause of the Fourteenth Amendment.” Double jeopardy protection applies to successive prosecutions for the same criminal offense.
Thomas v. State, 711 So.2d 867(¶ 15) (Miss.1998) (citations omitted). In dismissing McDonald’s petition for post-conviction relief, the trial court noted with regard to McDonald’s double jeopardy argument, “[t]he Court finds this claim to be without merit since the Petitioner was only sentenced on one count of his indictment and one count was retired.” Here, though both counts of McDonald’s indictment may concern the same ephedrine, he was not prosecuted, tried nor convicted on both counts. Accordingly, we find his rights against double jeopardy were not violated.
II. WAS APPELLANT’S COUNSEL INEFFECTIVE?
¶ 4. McDonald also argues that his counsel was ineffective for failing to object to his faulty indictment.
The standard of review for ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test to be applied is (1) whether counsel’s overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. The defendant has the burden of proving both prongs. The adequacy of counsel’s performance, as to its deficiency and prejudicial effect, should be measured by a “totality of the circumstances.” However, there is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic. In short, defense counsel is presumed competent.
Ratliff v. State, 752 So.2d 416(¶ 6) (Miss.Ct.App.1999) (citations omitted).
¶ 5. McDonald argues that his counsel failed to comprehend the double jeopardy issue and failed to file a motion to dismiss for faulty indictment, which he claims was in order. However, we find no evidence that his attorney’s actions in any way undermined confidence in the outcome of his guilty plea. The sole ground on which McDonald claims his counsel’s performance was inadequate was without merit, as discussed in the first issue of this opinion; thus, the first prong of Strickland and subsequently the second prong are not satisfied. McDonald has the burden of proving his counsel failed to effectively represent him, or that he suffered any *284 prejudice, and he has failed to do so; thus, we find this issue without merit.
¶ 6. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING APPELLANT’S PETITION FOR POST-CONVICTION RELIEF IS AlFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., CONCUR.