864 So.2d 283 (2003)
Rodrequiz W. HARGETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00545-COA.
Court of Appeals of Mississippi.
July 29, 2003.
Rehearing Denied October 7, 2003.
Certiorari Denied January 22, 2004.
Rodrequiz W. Hargett (Pro Se), for appellant.
Office of the Attorney General, By: W. Glenn Watts, attorney for appellee.
Before KING, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Rodrequiz W. Hargett, pro se, appeals an order of the Circuit Court of Harrison County, Mississippi denying his petition for post-conviction relief. Aggrieved, Hargett asserts the following issues on appeal:
I. THE CIRCUIT COURT ERRED IN FAILING TO ADVISE APPELLANT SUFFICIENTLY OF THE MANDATORY SENTENCE REQUIRED BY STATUTE.
*284 II. THE CIRCUIT COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE GUILTY PLEA BECAUSE IT WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED INTO FOR FAILURE TO FULLY AND ADEQUATELY ADVISE OF NATURE AND CONSEQUENCES OF THE GUILTY PLEA.
III. THE CIRCUIT COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE GUILTY PLEA WHERE APPELLANT HAS BEEN DEPRIVED OF LIBERTY WITHOUT FULL DUE PROCESS BY PROSECUTING OFFICERS' USE OF PERJURED TESTIMONY AND STATES FAILURE TO PROVIDE CORRECTIVE JUDICIAL PROCESS.
IV. THE CIRCUIT COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE GUILTY PLEA BECAUSE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR PROVIDING APPELLANT WITH CLEARLY ERRONEOUS INFORMATION.
Finding no error, we affirm.

PROCEDURAL HISTORY AND FACTS
¶ 2. Rodrequiz W. Hargett pled guilty to transfer of a controlled substance as a habitual offender with the advice and assistance of counsel on May 9, 2000. The trial court sentenced Hargett to ten years in the custody of the Mississippi Department of Corrections. Hargett filed a motion for post-conviction relief on March 1, 2001, which the trial court summarily denied. Hargett then perfected an appeal to this Court.

ANALYSIS
¶ 3. In his original motion for post-conviction relief, Hargett complained that his guilty plea was not knowingly, intelligently, freely and voluntarily given and that he did not receive effective assistance of counsel. Hargett also now argues on appeal that he was given an illegally lenient sentence.

I. VOLUNTARINESS OF GUILTY PLEA
¶ 4. Hargett asserts that his guilty plea was not knowingly, intelligently, freely, and voluntarily given because he allegedly was not informed of the mandatory minimum sentence that he could receive for his guilty plea. The standard of review pertaining to voluntariness of guilty pleas is well settled: "this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id. at 422(¶ 8) (superceded by Miss.Code Ann. §§ 99-39-23 (Rev.2000)); Terry v. State, 839 So.2d 543, 545(¶ 7) (Miss.Ct.App.2002). A plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170,1172 (Miss.1992).
¶ 5. Hargett signed a sworn statement which acknowledged that he was pleading guilty as a habitual offender and that acknowledged the maximum and minimum sentences as well as the maximum and minimum fine he could receive. Hargett's claims in his motion for post-conviction relief were unsupported by affidavits or any other evidence, and they contradict his sworn statements given before the court in his guilty plea. "Great weight is given to statements made under oath and in open court during sentencing." Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999) (quoting *285 Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1994)). This issue is without merit.

II. EFFECTIVENESS OF COUNSEL
¶ 6. Hargett argues that he was denied effective assistance of counsel because he did not actually commit the offense to which he pled guilty, perjured testimony was used against him, and he was not properly advised that he was pleading guilty as a habitual offender. Hargett provided no affidavits or proposed testimony in support of his argument, alleging that his witnesses could not be located or were in prison. According to Campbell v. State, 611 So.2d 209, 210 (Miss.1992), "such mere allegation is insufficient to require the trial court to grant an evidentiary hearing."
¶ 7. In order to be successful in a claim of ineffective assistance of counsel, the defendant is required to make both a showing of deficient performance and that, but for the deficient performance, a different result would likely have resulted. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Donnelly v. State, 841 So.2d 207, 211(¶ 8) (Miss. Ct.App.2003). In order for Hargett to prove the ineffective assistance of counsel claim, under Miss.Code Ann. §§ 99-39-11(2) (Rev.2000), the allegation must be alleged with specificity. "[H]e must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Smith v. State, 434 So.2d 212, 219 (Miss.1983). See also Miss.Code Ann. §§ 99-39-9(1)(c) (Rev.2000); Terry v. State, 839 So.2d 543, 546(¶ 14) (Miss.Ct. App.2002). "On review, we look with deference upon counsel's performance, considering the totality of the circumstances to determine whether it was both deficient and prejudicial." Conner v. State, 684 So.2d 608, 610 (Miss.1996).
¶ 8. "In a case involving post-conviction relief, the Mississippi Supreme Court has held, `that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.'" Lindsay v. State, 720 So.2d 182, 184(¶ 6) (Miss. 1998). We hold that Hargett has failed to meet his statutory burden of proof required to establish a prima facie showing. Hargett is required to show that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland, 466 U.S. at 686-87, 104 S.Ct. 2052. Having failed to do so, this issue is without merit.

III. LEGALITY OF SENTENCE
¶ 9. Hargett claims for the first time on appeal that the trial court imposed an illegal sentence when it ordered him to serve ten years in the custody of the Mississippi Department of Corrections without benefit of probation or parole pursuant to Section 99-19-81. He argues now that the trial court should have imposed the maximum sentence of thirty years without parole. In what can only be classified as a tongue in cheek argument, Hargett argues not that he be re-sentenced to the full maximum sentence but that his plea and sentence be totally vacated when considered in conjunction with his claims of ineffective assistance and voluntariness of guilty plea.
¶ 10. The State's position is that since Hargett raised this issue for the first time on appeal in a supplemental brief that he is procedurally barred from complaining now. This argument is inviting but ignores the question of whether some fundamental right of Hargett's has been implicated and violated in his receiving an illegal sentence, which argument transcends a procedural bar.
*286 ¶ 11. We are increasingly witnessing arguments like that advanced by Hargett in post-conviction cases. These cases can be loosely characterized into three categories: (1) a defendant is trying to set aside an old conviction used to enhance a present day sentence as a habitual offender, (2) a defendant with a prior felony record is given a total or partially suspended sentence which is later revoked and the defendant now claims the sentence he is serving is illegal, and finally as to the case here, (3) a defendant pleads guilty as a habitual offender, receives a sentence less than the maximum and later, while serving that sentence, attempts to set the conviction and sentence aside because the judge was lenient.
¶ 12. McGleachie v. State, 800 So.2d 561 (Miss.Ct.App.2001), Chancellor v. State, 809 So.2d 700 (Miss.Ct.App.2001), Edwards v. State, 839 So.2d 578 (Miss.Ct. App.2003), and Graves v. State, 822 So.2d 1089 (Miss.Ct.App.2002) (cert. denied May 1, 2003) all involved the scenario of a defendant trying to set aside an old conviction used to enhance a sentence the defendant was then serving. In each case, the motion was filed after this three year time bar of the post-conviction relief statute. McGleachie, 800 So.2d at 562(¶ 2); Chancellor, 809 So.2d at 701(¶ 4); Edwards, 839 So.2d at 579(¶ 3); Graves, 822 So.2d at 1090(¶ 3). In each case, we explicitly held that the defendant was time barred from complaining at this point because no fundamental right had been implicated since the defendant was not prejudiced by receiving a harsher sentence but rather benefitted from a lighter sentence than that which the defendant should have received. McGleachie, 800 So.2d at 563(¶ 4); Chancellor, 809 So.2d at 701(¶ 8); Edwards, 839 So.2d at 580(¶ 7); Graves, 822 So.2d at 1091(¶ 8).
¶ 13. In Weaver v. State, 785 So.2d 1085 (Miss.Ct.App.2001), a defendant with a prior felony conviction was given an illegally suspended sentence which the State later attempted to revoke. We vacated the sentence and conviction in that case on the basis of Robinson v. State, 585 So.2d 757 (Miss.1991), and reasoned that the State's attempt to revoke was based solely on the fact that Weaver should not have been given a suspended sentence rather than on some new violation of the suspension. However, as cogently stated by Judge Irving in Graves:
A literal reading of Weaver would permit results not intended by this Court. Therefore, it is appropriate that we clarify Weaver. Weaver should not be read as permitting a prior convicted felon to withdraw a guilty plea induced by a beneficial though illegal plea bargain if the convicted felon has enjoyed the benefits of the favorable illegal bargain. Weaver applies to situations in which a guilty plea was induced at least in part by a recommendation that some part of the sentence be suspended. If the State later seeks to rescind that suspension solely because the sentence was statutorily barred and not because of an alleged violation of the terms of the probation, then removing the suspension would also require that the defendant be allowed to withdraw his guilty plea. On the other hand, a defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so. Allowing such actions would reap havoc upon the criminal justice system in this state. For example, all subsequent convictions and sentences of that defendant which are reliant upon the conviction concomitant with the illegal sentence would have *287 to be set aside. This would result in a number of enhanced and habitual offender sentences being set aside for the very offender who had already enjoyed greater leniency than the law allows. Likewise, the State should not be allowed to engage in a plea bargain encompassing a recommendation for a sentence more lenient than what the law permits, reap the benefit of not having to go to trial and later seek to have the illegal, lighter sentence set aside while maintaining the validity of the attendant conviction. We can perceive no constitutional imperative or compelling state interest which would require or permit either scenario.
Graves, 822 So.2d at 1092(¶ 11).
¶ 14. Juxtaposed between our latest pronouncement in Graves and the case at bar is Robinson v. State, No.2000-CP-02087-COA (Miss.Ct.App. Feb.26, 2002). In our Robinson opinion, we held, as in McGleachie, Chancellor, Edwards, and Graves, that the defendant could not argue about a less than maximum habitual sentence he was presently serving. On certiorari, our supreme court affirmed this Court on other grounds, finding from a review of later acquired document sheets that Robinson could receive less than a maximum sentence because the State had, in fact, dropped the habitual portion of his indictment as part of a plea bargain. Robinson, 836 So.2d 747, 750(¶ 10) (Miss.2002). As an apparent afterthought and without further discussion including the potential consequences of its comment, or discussion of McGleachie or Chancellor, that court in dicta stated that "[b]ut for the inclusion of the reference docket sheet of Monroe County which absolutely indicates the reduced non-habitual status of this plea of guilt and sentence, this Court could not affirm the Court of Appeals and trial court." Id. at 749(¶ 6). Inexplicably, the supreme court went on to hold that Robinson could be sentenced to a twenty year suspended sentence as a non-habitual even though he had prior felony convictions. This ruling flies in the face of Goss v. State, 721 So.2d 144 (Miss.1998) (overruled on other grounds), which held that one could not receive a suspended sentence if the defendant had a prior felony conviction. Goss, 721 So.2d at 146(¶ 12). Justice Carlson correctly pointed this out in a concurring opinion in Robinson even though he took issue with Goss's reasoning. Robinson, 836 So.2d at 752-53 (¶ 18). The dicta in Robinson can only be read to be an aberration in view of the fact that within less than four months after its rendition our supreme court denied certiorari on our decision in Graves.
¶ 15. We now turn to the case at bar. Hargett filed his post-conviction relief motion well within the three year statute of limitations. His argument below was that his plea was not knowingly, intelligently, freely and voluntarily given and that he did not receive effective assistance of counsel. We have already discussed and dismissed those arguments. For the first time on appeal Hargett argues also that his sentence was illegal. In view of our previous pronouncements and our discussion herein, we hold that Hargett is barred from raising this issue here, and for that matter, in the trial court had it been properly pled.
¶ 16. Ironically, defendants like Hargett place themselves in a precarious position by advancing illegal sentence arguments such as this. Since the record in this case without doubt reveals that Hargett knew that he was adjudicated a habitual offender, that he was explicitly advised that he could receive a thirty-year day for day sentence with a million dollar fine, and that his plea was otherwise freely and voluntarily given with adequate assistance *288 of counsel. We could be disposed to simply remand this case for imposition of the full maximum sentence. Fortunately for Hargett, we have chosen another path. One cannot help but be reminded of that old adage to the effect that one should be careful of what they ask for, lest they receive it.
¶ 17.THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.