BARNES, J.,
for the Court.
¶ 1. Lewis Ausbon, Jr. appeals to this Court from the dismissal of his motion for post-conviction relief by the Circuit Court of Lee County.
¶ 2. In July 2003, Ausbon pled guilty to burglary of a dwelling and was sentenced to a twenty year suspended sentence. The sentence was to run concurrent with the sentence Ausbon was already serving in Pontotoc County.
¶3. Ausbon was convicted of another burglary in Chickasaw County in February 2005, and his suspended sentence was revoked. Upon revocation, Ausbon was ordered to serve twelve years in the custody of the Mississippi Department of Corrections with the remaining eight years of his twenty-year sentence suspended, condi *594 tioned on his adherence to five years of post-release supervision.
¶ 4. On appeal, Ausbon raises the following issues:
1. The trial court imposed an illegal suspended sentence when that court suspended the imposition of twenty (20) year sentence pursuant to Mississippi Code Annotated section 47-7-33 (Rev.2004) in cause no. CR00-150GL.
2. The trial court erred when that court sentenced appellant on the charge of burglary of a dwelling when the language of the indictment clearly did reflect the charge of burglary of a non-dwelling, i.e., storage house, which only carried a maximum sentence of ten (10) years.
3. The trial court did exceed the twenty (20) year sentence during the revocation hearing when that court imposed a sentence of twelve (12) years, eight years suspended and five (5) years post-release supervised.
4. Appellant’s plea of guilty was involuntarily given when trial counsel did misrepresent the guilty plea in that trial counsel failed to provide the appellant with adequate information prior to appellant entering his plea of guilty.
5. Appellant’s plea of guilty was involuntarily given when trial counsel set forth an improper inducement when the trial counsel stated that appellant would receive no time if he would plead guilty and would only have to complete the remaining four (4) year post-release supervision imposed in Pontotoc County in cause no. CR99-131.
The Court finds no merit to any of the appellant’s claims and affirms the decision of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 5. On July 9, 2003, Ausbon pled guilty to burglary of a dwelling house in the Circuit Court of Lee County in cause number CR00-150GL. After questioning Aus-bon on his understanding of the charges against him and advising him of his constitutional rights being waived by pleading guilty, the trial court found that his guilty plea was “voluntarily and understandingly entered.”
¶ 6. Ausbon was sentenced to a twenty year suspended sentence to run concurrent with the remainder of a Pontotoc County sentence — four years of post-release supervision — that he was serving at that time in cause number CR99-131. Ausbon was also fined $1,000 and ordered to pay restitution and court costs.
¶ 7. In February 2005, Ausbon was arrested in Chickasaw County for burglary of a dwelling. Based on this charge, a petition to revoke his suspended sentence was filed. A hearing was held, and the trial court found that Ausbon had violated the terms of his release. Ausbon’s suspended sentence in cause number CR00-150GL was revoked, and he was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections, with eight years remaining suspended and five years’ post-release supervision.
¶ 8. On February 5, 2006, Ausbon filed a motion for post-conviction relief, seeking “clarification of his sentence.” The motion was denied, and Ausbon appealed to this Court.
STANDARD OF REVIEW
¶ 9. In reviewing a circuit court’s decision to deny a motion for post-conviction collateral relief, we will not disturb the circuit court’s factual findings unless *595 they are clearly erroneous. Boyd v. State, 926 So.2d 233, 235(¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo. Id.
DISCUSSION
¶ 10. In his “Petition to Clarify Sentence” Ausbon argued that the court should “clarify my sentence according to the plea I made with my attorney.” The petition made no other claims for relief, and there was no additional evidence by exhibits or affidavits to support Ausbon’s argument.
¶ 11. In denying his motion, the trial court noted that it could not reduce or modify a lawfully imposed sentence after Ausbon has already begun to serve that sentence. The court also found that Aus-bon had violated the conditions of his post-release supervision and was sentenced accordingly. The court found that the sentence was “unambiguous and lawfully imposed.”
¶ 12. On appeal, this Court is limited to those issues which have been raised and presented to the trial court for review.
WAS AUSBON’S SENTENCE PROPERLY IMPOSED?
¶ 13. In his argument to this Court, which is not the same as the argument to the trial court, Ausbon suggests that the circuit court did not have the authority to impose a suspended sentence when he was a convicted felon. The trial court suspended Ausbon’s twenty year sentence at the time he pled guilty, and eight years of the sentence remained suspended after his revocation hearing.
¶ 14. This question has been previously addressed by both this Court and the Mississippi Supreme Court. As noted by the State, in Sweat v. State, 912 So.2d 458, 461(¶ 9) (Miss.2005), there is no prejudice when an inmate benefits from a sentence which is more lenient than that to which he is entitled:
The Court of Appeals has recently held that there is no prejudice suffered when a defendant receives an illegally lenient sentence. Edwards v. State, 839 So.2d 578, 580-81 (Miss.Ct.App.2003). Further, when the error benefits the. defendant in the form of a more lenient sentence, it is harmless error. Chancellor v. State, 809 So.2d 700, 702 (Miss.Ct.App.2001). The law which relieves defendants from the burden of an illegal sentence applies to situations where the defendant is forced to suffer a greater sentence rather than the luxury of a lesser sentence. Id.
¶ 15. If Ausbon received a lesser sentence than that to which he would have been entitled under the law, then he has suffered no prejudice and has been given this “luxury of a lesser sentence.” There is no reversible error.
¶ 16. Ausbon also claims that the twenty year sentence was exceeded by the court’s imposing, upon revocation, twelve years, eight years suspended, and five years’ post-release supervision. Apparently, Ausbon calculates this to be a twenty-five year sentence; however, the five years’ post-release supervision does not count as part of the sentence. See Brown v. State, 872 So.2d 96, 99 (¶¶ 10-11) (Miss.Ct.App.2004). Therefore, the twelve years to serve plus eight years suspended totals twenty years and does not exceed the original sentence.
AUSBON’S OTHER ASSIGNMENTS OF ERROR
¶ 17. The other issues raised by Ausbon were not raised with the trial court. Issues not raised with the trial court in a post-conviction relief motion cannot be raised for the first time on *596 appeal to this Court. Gardner v. State, 531 So.2d 805, 808-09 (Miss.1988); Colburn v. State, 431 So.2d 1111, 1114 (Miss.1983). These issues are procedurally barred.
¶ 18. Procedural bar notwithstanding, Ausbon argues that the indictment was flawed in that it did not reflect burglary of an occupied dwelling. The indictment was not made part of the record before this Court, but the portion of the indictment quoted in Ausbon’s brief clearly indicates that if this issue had been properly raised before the trial court or this Court, that the issue would have been resolved against Ausbon. Ausbon quotes the indictment as stating that the crime occurred at a “certain dwelling owned and occupied.... ” The transcript of the guilty plea hearing also shows that Ausbon’s argument is without merit. The trial court judge specifically stated to Ausbon that he was pleading guilty to the felony charge of burglary of a dwelling, and Ausbon stated that he, in fact, was guilty of the crime. At the guilty plea hearing, the trial judge found a factual basis for the guilty plea and that Ausbon “knowingly, understandingly, freely and voluntarily” entered the guilty plea. We agree.
¶ 19. Ausbon also claims that his guilty plea was not voluntary because of improper inducement where his attorney promised him that he “would receive no time if he would plead guilty and would only have to complete the remaining four (4) year post-release supervision imposed in Pontotoc County in cause no. CR99-131.” This is exactly the sentence that Ausbon originally received. His sentence was suspended, and he would only have to serve the post-release supervision from his Pontotoc County sentence. According to the transcript of the guilty plea hearing, this was the recommendation of the prosecution, and Ausbon agreed that this was the recommendation that he understood that would be made. That Ausbon’s suspended sentence was subsequently revoked due to his misconduct does not invalidate the plea.
¶ 20. Lastly, any claim that Ausbon’s trial counsel was deficient is not supported by the record. Ausbon acknowledged during the plea colloquy his satisfaction with counsel who had worked to secure a recommendation for a suspended sentence. It was not through any deficient performance of counsel but the misconduct on the part of Ausbon himself which resulted in his incarceration.
CONCLUSION
¶ 21. Ausbon’s sentence was unambiguous and did not need clarification. Although Ausbon may have benefitted from a better sentence than he deserved, there is no basis for reversal. The remaining issues raised by Ausbon on appeal were not presented to the trial court and thus are procedurally barred. These issues are also without merit, and this Court finds that the circuit court’s judgment should be affirmed.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.