# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01735-COA

ADAM BRENT WALLACE                                          APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/05/2019 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ADAM BRENT WALLACE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED- 09/29/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     On September 28, 2018, Adam Wallace entered a guilty plea to the indicted charge of child exploitation under Mississippi Code Annotated section 97-5-33(5) (Supp. 2007). Wallace was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve, and placed on five years of post-release supervision. On October 11, 2018, Wallace filed a motion for post-conviction relief (PCR), asserting that a plea recommendation including an illegal sentence induced his guilty plea. More specifically, he argued that he was not eligible for a suspended sentence as a result of a prior conviction. On October 14, 2019, Wallace filed another PCR motion and asserted the following additional arguments:  (1) the circuit court violated his rights by failing to rule on

his pre-trial motions for a speedy trial violation, suppressing evidence and statements, and infringing his right to self-representation; (2) his guilty plea was not voluntary because he entered his plea based upon a recommendation from the State that contained an illegal sentence; and (3) the Jefferson Davis County Circuit Court lacked jurisdiction to accept his plea. In the current PCR motion, Wallace broadened his argument regarding the alleged illegal-sentence recommendation. Wallace argued that the State's recommended sentence was also illegal because it exceeded the maximum sentence authorized by statute. On November 5, 2019, the circuit court denied Wallace's PCR motion. On appeal Wallace challenges the illegal-sentence recommendation. Finding no error, we affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. On May 22, 2014, a Lamar County grand jury indicted Wallace for the charge of child exploitation. Wallace was offered a plea deal on September 7, 2018. In the plea negotiations, the State recommended that Wallace receive the following sentence: "forty years suspended, five years to serve, five years post-release supervision." The recommendation was written on a legal pad, and a copy of the handwritten recommendation was attached to Wallace's original PCR motion. Wallace executed a petition to enter a guilty plea on September 27, 2018. On September 28, 2018, Wallace was transported from Lamar County to Jefferson Davis County to enter a plea of guilty to the indicted charge.[1] Wallace

---

[1] The Fifteenth Circuit Court District includes, among others, both Lamar County and Jefferson Davis County. The presiding judge on that particular day was sitting in Jefferson Davis County.

waived the court's review of a pre-sentence investigation report and was sentenced to a term of ten years in the custody of the MDOC, with five years to serve, and placed on five years of post-release supervision. While the total number of years of the sentence in the order of conviction differed from what the Sate originally recommended, the length of time that Wallace was ordered to serve was identical.

¶3.     On October 11, 2018, Wallace filed his initial PCR motion. On April 24, 2019, Wallace filed a motion to withdraw his PCR motion; however, there was never an order entered allowing its withdrawal. On October 14, 2019, Wallace filed the PCR motion expanding his claims for relief. On November 5, 2019, the circuit court entered an order addressing the claims in both of Wallace's PCR motions and denied all the relief requested. Although Wallace asserted multiple arguments in his PCR motions, he only appealed the single issue of the allegedly illegal sentence. More specifically, Wallace's argument on appeal is that the State's recommended sentence was illegal because it exceeded the maximum sentence authorized by statute. In his reply brief, Wallace asserted, for the first time, an additional claim that he was charged by a defective indictment.

## STANDARD OF REVIEW

¶4.     A trial court's denial of a motion for post-conviction relief will not be reversed unless the trial court's decision was clearly erroneous. *Smith v. State*, 806 So. 2d 1148, 1150 (¶3) (Miss. Ct. App. 2002). We review questions of law de novo. *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999).

## ANALYSIS

3

## I. Illegal Sentence

¶5. Wallace argued that the sentence the State recommended during plea negotiations was illegal and that it exceeded the maximum sentence length allowed by statute. Further, he argued that the illegal sentence constituted an improper inducement and therefore his guilty plea was not made voluntarily. Wallace's PCR motion requests that his guilty plea be withdrawn and he be given the chance to negotiate a new plea agreement or go to trial.

¶6. Mississippi Code Annotated section 97-5-35 (Rev. 2006) states:

> Any person who violates any provision of Section 97-5-33 shall be guilty of a felony and upon conviction shall be fined not less than Fifty Thousand Dollars ($50,000.00) nor more than Five Hundred Thousand Dollars ($500,000.00) **and shall be imprisoned for not less than five (5) years nor more than forty (40) years**.

(Emphasis added). During plea negotiations, the State recommended that Wallace receive "forty years suspended, five years to serve, five years post-release supervision." Wallace asserts that this is an illegal sentence by apparently adding the forty years suspended with five years to serve and five years of post-release supervision, allegedly equaling fifty years for a crime that the statute only authorized a maximum sentence of forty years. In other words, Wallace claims that the State's recommended sentence totaled fifty years and that this exceeded the forty-year maximum sentence authorized by the statute. It is without dispute though that Wallace was ultimately sentenced to a term of ten years in the MDOC's custody, with five years to serve, and placed on five years of post-release supervision.

¶7. "[I]t is well established in Mississippi that an individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statue, and then use the more

lenient sentence as a sword to attack the entire sentence as illegal." *Cook v. State*, 910 So.

2d 745, 747 (¶10) (Miss. Ct. App. 2005). Further, in *McGleachie v. State*, 800 So. 2d 561,

563 (¶4) (Miss. Ct. App. 2001), this Court stated:

> McGleachie benefitted from the lenience of the lower court judge and would now like to argue that such leniency was a violation of his fundamental rights. If the error in sentencing McGleachie for the June 26, 1987 conviction is, in fact, an error at all, it is a harmless error rather than a fundamental one. It is also an error, we might add, that benefitted McGleachie. The law that states that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather than the luxury of a lesser sentence.

In this case, Wallace received a lesser sentence than the one the State recommended.

Further, the amount of time that Wallace was sentenced to actually serve in the custody of

the MDOC is the minimum allowed by the statute. Wallace was clearly afforded the "luxury

of a lesser sentence" and therefore is not entitled to any of the relief requested. Regardless

of the State's recommendation, Wallace ultimately received a lesser sentence than what was

recommended. The judge sentenced Wallace to ten years, which is obviously less than the

State's recommendation. Therefore, we find no error in the circuit court's judgment.

## II. Defective Indictment

¶8. Wallace asserts an additional argument in his reply brief and argues that he was

charged by a defective indictment. This issue was not contained in either of his PCR motions

and was argued for the first time in his reply brief.

¶9. "In *Southern v. Mississippi State Hosp.*, 853 So. 2d 1212, 1214-15 (Miss. 2003), we

reiterated the important procedural tenet that '[a] trial judge cannot be put in error on a matter

not presented to him.'" *Chantey Music Pub. Inc. v. Malaco Inc.*, 915 So. 2d 1052, 1060

(¶28) (Miss. 2005). "Precedent mandates that this Court not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs." *Id*. (citing *Parker v. Miss. Game & Fish Comm'n*, 555 So. 2d 725, 730 (Miss. 1973)). Because Wallace failed to set forth these additional arguments in his PCR motions, this issue is waived and procedurally barred on appeal.

## CONCLUSION

¶10. After review, we find that there is no basis to support Wallace's claims in his PCR motion. Accordingly, we affirm the circuit court's denial of Wallace's PCR motion.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR.**