895 So.2d 191 (2005)
Mark SYKES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02119-COA.
Court of Appeals of Mississippi.
February 22, 2005.
*192 Mark Sykes, appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.

STATEMENT OF FACTS
¶ 1. Mark Sykes and three other individuals were indicted in Amite County for the crimes of armed robbery and attempted kidnaping. The crimes for which Sykes was indicted occurred on February 17, 2000, at the C-Store in Amite County. On October 1, 2000, Sykes pled guilty to the charge of armed robbery, with the State agreeing to retire the charge of attempted kidnaping. Sykes had a prior felony conviction for strong arm robbery from Miami, Florida and was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with twenty years to serve and the remaining ten years to be served on post-release supervision for five years.
¶ 2. On February 27, 2003, Sykes filed his motion for post-conviction relief raising as error that he received ineffective assistance of counsel, his sentence was excessive, and he was denied due process because he was not informed that his sentence could not be appealed to the Mississippi Supreme Court for direct review. *193 Sykes' motion for post-conviction relief was denied on September 2, 2003.
¶ 3. Aggrieved by the denial of his motion, Sykes appeals raising the following six issues:
I. WHETHER SYKES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER SYKES' SENTENCE WAS EXCESSIVE.
III. WHETHER SYKES WAS DENIED DUE PROCESS BECAUSE HE WAS NOT INFORMED THAT HIS SENTENCE COULD NOT BE APPEALED TO THE SUPREME COURT FOR DIRECT REVIEW.
IV. WHETHER SYKES RECEIVED AN ILLEGAL SENTENCE.
V. WHETHER THERE ARE CUMULATIVE ERRORS WHICH REQUIRE REVERSAL.
VI. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING.
¶ 4. Finding no error, we affirm.

LEGAL ANALYSIS

I. WHETHER SYKES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 5. Sykes' first assignment of error is that he was denied his Sixth Amendment right to effective assistance of counsel. Sykes contends that his counsel was ineffective because he was advised to plead guilty to armed robbery. Sykes argues that he would have been convicted, at worst, for the crime of accessory after the fact.

STANDARD OF REVIEW
¶ 6. "The standard of review for a claim of ineffective assistance of counsel is a two-part test: the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was defective and (2) the deficiency deprived the defendant of a fair trial." Reynolds v. State, 784 So.2d 929, 933(¶ 15) (Miss.2001) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hiter v. State, 660 So.2d 961, 965 (Miss.1995)). "This review is highly deferential to the attorney, and there is a strong presumption that the attorney's conduct fell within the wide range of reasonable professional assistance." Reynolds, 784 So.2d at 933 (citing Hiter, 660 So.2d at 965). "With respect to the overall performance of the attorney, `counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy' and cannot give rise to an ineffective assistance of counsel claim." Reynolds, 784 So.2d at 933-34 (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)).

DISCUSSION
¶ 7. Sykes first argues that he received ineffective assistance of counsel. In attempting to meet the heavy burden set forth in Strickland, Sykes offers the following:
1. Sykes' attorney suggested that he plead guilty to armed robbery, when the most that could have been proven at trial would be accessory after the fact;
2. Sykes' attorney was disoriented and unaware of whether Sykes was pleading guilty to both the charge for armed robbery and the charge for attempted kidnapping, or whether he was pleading guilty to just one of the charges;
3. Sykes' attorney did not subpoena witnesses.
*194 ¶ 8. A careful review of the record indicates that Sykes was very well aware of the crime to which he was entering a plea. The trial judge asked Sykes repeatedly about his involvement in the crime, to which Sykes' story changed almost as often as the questions. After hearing what proof was to be presented by the State and by Sykes' admission of participation in the crime, the trial judge accepted his plea of guilty. In accepting Sykes' plea, the trial judge asked:
Q. Now, have you been over the facts of this case with your attorney about what you're facing, what you're against, and what the best thing for you to do in this case is?
A. Yes, I have, sir.
The record clearly demonstrates that Sykes conferred with his attorney regarding his options and the proper strategy for his case. Further, it cannot be said that Sykes counsel's brief moment of confusion regarding which charges the State would pursue, rise to the level of ineffective assistance of counsel as provided by Strickland. Sykes has failed to prove that his counsel's "disoriented" state deprived him of a fair trial. The record clearly indicates that the trial judge explained to Sykes the terms of the plea agreement. Sykes cannot argue that he was unaware of the matter to which he was pleading.
¶ 9. This assignment of error does not show a violation to the two-prong test set forth in Strickland and we therefore find no merit to this argument.

II. WHETHER SYKES' SENTENCE WAS EXCESSIVE.
¶ 10. Sykes next contends that his sentence was excessive due to the fact that his cohorts to this crime were given lesser sentences, and the sentence which he received exceeds the punishment prescribed by Mississippi Code Annotated § 97-1-5 (Rev.2000) for the crime of accessory after the fact.

STANDARD OF REVIEW
¶ 11. "It is well settled in this State that the imposition of sentence in a criminal proceeding is within the sole discretion of the trial judge, and that this Court will not reverse a sentence where it is within the limits prescribed by statute." Corley v. State, 536 So.2d 1314, 1319 (Miss.1988) (citing Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984); Contreras v. State, 445 So.2d 543, 546 (Miss.1984); Bracy v. State, 396 So.2d 632, 636 (Miss.1981)).

DISCUSSION
¶ 12. Sykes argues that his sentence was excessive, as the other participants of the crime received a lesser sentence. Armed robbery is governed by Mississippi Code Annotated § 97-3-79 (Rev.2000) which states in pertinent part:
upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
The sentence prescribed by the trial court was well within the statutory guidelines and is not subject to review by this Court. There is no merit to this assignment of error.

III. WHETHER SYKES WAS DENIED DUE PROCESS BECAUSE HE WAS NOT INFORMED THAT HIS SENTENCE COULD NOT BE APPEALED TO THE SUPREME COURT FOR DIRECT REVIEW.
¶ 13. Sykes next argues that he was denied his right to due process because the *195 trial court did not inform him that a plea of guilty acts as a waiver to appeal of the conviction.

STANDARD OF REVIEW
¶ 14. "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Williams v. State 752 So.2d 410, 412 (¶ 4) (Miss.Ct.App.1999) (citing Brady v. U.S., 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

DISCUSSION
¶ 15. The applicable portion of the plea hearing is as follows:
Q. I want you to understand also that the burden of proof would be on the State to bring forth the evidence to prove your guilt beyond a reasonable doubt. You would not be required to prove anything. Furthermore, the verdict of the jury would have to be unanimous. In other words, all twelve people would have to vote to find you guilty before you could be found guilty and convicted. Even if you were convicted, you could still appeal that conviction with the help of an attorney to the Mississippi Supreme Court. Do you understand that?
A. Yes, sir.
Q. Now, do you understand that by pleading guilty, you're going to be giving up or waiving each of these rights, and if I accept this plea of guilty, there won't be any trial tomorrow in your case and there won't be any appeal to the Supreme Court. Do you understand that?
A. Yes, sir.
¶ 16. The record clearly demonstrates that Sykes was informed that should he plead guilty to the crime that his plea of guilty would act as a waiver to a direct appeal to the Mississippi Supreme Court pursuant to Mississippi Code Annotated § 99-35-101 (Rev.2000). As such, this assignment of error is without merit.

IV. WHETHER SYKES RECEIVED AN ILLEGAL SENTENCE.
¶ 17. Sykes next argues that as a prior convicted felon, the circuit court was without authority, in accordance with Mississippi Code Annotated § 47-7-3 (Rev.2004), to suspend any portion of his sentence. Therefore, Sykes argues that the entire sentence was improperly imposed.

DISCUSSION
¶ 18. Mississippi Code Annotated § 47-7-3(1)(a) states as follows:
(1) Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the penitentiary, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:

*196 (a) No prisoner convicted as a confirmed and habitual criminal under the provisions of Sections 99-19-81 through 99-19-87 shall be eligible for parole;
¶ 19. This Court has addressed the issue of illegal sentences on multiple occasions and at an accelerating rate. As Judge James Thomas previously stated, this issue can been divided into three categories:
We are increasingly witnessing arguments like that advanced by Hargett in post-conviction cases. These cases can be loosely characterized into three categories: (1) a defendant is trying to set aside an old conviction used to enhance a present day sentence as a habitual offender, (2) a defendant with a prior felony record is given a total or partially suspended sentence which is later revoked and the defendant now claims the sentence he is serving is illegal, and finally as to the case here, (3) a defendant pleads guilty as a habitual offender, receives a sentence less than the maximum and later, while serving that sentence, attempts to set the conviction and sentence aside because the judge was lenient.
Hargett v. State, 864 So.2d 283, 286(¶ 11) (Miss.Ct.App.2003) (citing McGleachie v. State, 800 So.2d 561 (Miss.Ct.App.2001); Chancellor v. State, 809 So.2d 700 (Miss.Ct.App.2001); Edwards v. State, 839 So.2d 578 (Miss.Ct.App.2003); Graves v. State, 822 So.2d 1089 (Miss.Ct.App.2002)).
¶ 20. The case at bar falls within the third category. This Court recognizes the right to be free from illegal sentences. Alexander v. State, 879 So.2d 512, 514-15(¶ 9) (Miss.Ct.App.2004) (citing Moss v. State, 752 So.2d 427, 430(¶ 13) (Miss.Ct.App.1999)). Although we recognize this right, we have further stated that one may not stand mute when receiving a favorable suspended sentence and later use the sentence imposed as a sword to attack the validity of his or her conviction. Hargett, 864 So.2d at 286 (¶ 13). When recognizing this right, we have previously held that actual harm must have occurred and we have determined that harm occurs when one accepts a plea bargain by the State, with the promise of a portion of the sentence to be suspended, only to have the suspended portion taken away based upon § 47-7-3(1)(a). Such is not the situation in the case sub judice. Sykes was not injured by this sentence, rather he received a thirty-year sentence, with ten years of the sentence suspended, rather than the entire thirty years. This can hardly be said to act as a detriment to Sykes. As such, we find this assignment of error to be without merit.

V. WHETHER THERE ARE CUMULATIVE ERRORS WHICH REQUIRE REVERSAL.

STANDARD OF REVIEW
¶ 21. This Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal. Jenkins v. State, 607 So.2d 1171, 1183-84 (Miss.1992). However, where there was no reversible error in any part, there is no reversible error as to the whole. McFee v. State, 511 So.2d 130, 136 (Miss.1987).

DISCUSSION
¶ 22. Sykes next contends that cumulative error has accrued throughout his trial which deprived him of his Sixth and Fourteenth Amendment rights. As has been previously stated by the Mississippi Supreme Court, "[a] criminal defendant is not entitled to a perfect trial, only a fair trial." McGilberry v. State, 741 So.2d 894, 924 (¶ 126) (Miss.1999) (citing Sand v. State, 467 So.2d 907, 911 (Miss.1985)). Even as such, we have found no reversible *197 error with any aspect of the trial; therefore, reversal due to cumulative error is not present. McFee, 511 So.2d 130. Therefore, we find this issue to be without merit.

VI. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING.
¶ 23. Sykes lastly contends that the trial court erred by failing to allow Sykes to present his motion for post-conviction relief to the court though an evidentiary hearing.

STANDARD OF REVIEW
¶ 24. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Eldridge v. State, 764 So.2d 515, 516(¶ 8) (Ms. Ct.App.2000) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).

DISCUSSION
¶ 25. In his motion for post-conviction relief, Sykes raises the issues of whether he received ineffective assistance of counsel, whether his sentence was excessive, and whether he was denied due process because he was not informed that his sentence could not be appealed to the Supreme Court for direct review. All of these issues have again been addressed in the present review and we have found each of Sykes' assignments of error to be without merit. The Mississippi Supreme Court has previously stated that "a post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." Marshall v. State, 680 So.2d 794, 794 (Miss.1996).
¶ 26. As outlined above, Sykes can not prove a set of facts in support of his claim which would entitle him to relief. Therefore, there was no error in the trial court's denial of an evidentiary hearing. Further, the findings of the trial court were not erroneous, but rather, were fully supported by the trial record. As such, this issue is without merit.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.