KITCHENS, Justice,
Concurring:
¶ 14. I agree with the majority’s decision to affirm the dismissal of Magyar’s *813 motion for post-conviction relief and its conclusion that the registration requirement incidental to conviction as a sex offender is a collateral, rather than direct, consequence of a valid guilty plea. I write separately, however, to clarify the distinction between these effects.
¶ 15. To be sure, the notions of direct and collateral consequences are amorphous concepts that elude simple definition. Nevertheless, the considerable attention given to the subject by our sister jurisdictions suggests that this body of law affords no space to a middle ground; consequences to a plea of guilty are either direct or collateral. Therefore, when confronted by this issue in the future, the judges of this state must decide upon which side of the dividing line a given consequence falls.
¶ 16. Today, we hold correctly that post-release registration as a sex offender is a collateral consequence to an admission of guilt, as have several other states. See e.g., Commonwealth v. Leidig, 598 Pa. 211, 956 A.2d 399 (2008); State v. Ward, 123 Wash.2d 488, 869 P.2d 1062 (1994). See also Bessey v. State, 239 S.W.3d 809 (Tex.Crim.App.2007). To conclude that the instant case falls to the collateral side of the fine line in question does not, of course, settle the larger question of where, exactly, that line lies. In my view, “[t]he distinction between ‘direct’ and ‘collateral’ consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant’s punishment.” George v. Black, 732 F.2d 108, 110 (8th Cir.1984) (quoting Cuthrell v. Director, 475 F.2d 1364, 1366 (4th Cir.1973), cert. denied, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973)). For example, in Cuthrell, the Fourth Circuit Court of Appeals held that a defendant had knowingly pled guilty, notwithstanding the trial court’s failure to advise him that he might lose his accrued “good time” credit period. This was so, the panel reasoned, because “while the loss w[ould] increase the period of his actual confinement, it [was] not ‘a definite, practical consequence of the plea’ but [was] discretionary with the prison authorities,” and therefore was a collateral consequence. 475 F.2d at 1366 (quoting Hutchison v. United States, 450 F.2d 930, 931 (10th Cir.1971)). On the other hand, “[u]nder this standard, direct consequences include a mandatory special parole term, ineligibility for parole, and the maximum punishment provided by law.” Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir.1988).
¶ 17. The standard enunciated by the Cuthrell Court is followed by at least three other circuits, for a total of no fewer than seven of the twelve circuits in agreement on this point. Virsnieks v. Smith, 521 F.3d 707 (7th Cir.2008); Steele v. Murphy, 365 F.3d 14 (1st Cir.2004); United States v. U.S. Currency in the Amount of $228,536.00, 895 F.2d 908 (2d Cir.1990). See also Redwine v. Zuckert, 317 F.2d 336 (D.C.Cir.1963). As I read today’s majority opinion, we have chosen to adhere to this standard. Whether post-release registration is a collateral or direct consequence of a guilty plea is, admittedly, a close question; it certainly is definite and automatic. However, it is not as immediate and direct a result as, for example, a term of imprisonment or the imposition of a fine. The Mississippi Court of Appeals implicitly adhered to this reasoning in 2005 when it affirmed the conviction, pursuant to a plea of guilty, of a defendant whom the trial judge explicitly advised was waiving his right to direct appeal. Sykes v. State, 895 So.2d 191, 195 (Miss.Ct.App.2005). The resulting loss of the right to appeal certainly was definite, immediate, and automatic; but because the trial judge advised the defendant on the record of this consequence, the appellate court rightly deter *814 mined that the defendant knowingly had pled guilty. Id. See also Young v. State, 797 So.2d 239, 245-46 (Miss.Ct.App.2001).
¶ 18. The court’s judgment in Sykes was correct for precisely the same reason that I concur in today’s decision: where a consequence of a valid guilty plea is definite, immediate, and largely automatic, that consequence is direct, rather than collateral; and where a defendant seeking to plead guilty has been advised of the direct consequences of that decision, that plea obviously is made knowingly. In cases such as the one before us today, when a guilty plea results in consequences that do not meet that three-pronged description, a defendant is not entitled to judicial admonition.[6]
¶ 19. Because this Court implicitly follows that path in reaching today’s correct decision, I concur with the majority opinion.
WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. Obviously, if a given consequence of a guilty plea leaves doubt as to whether it is collateral or direct in nature, the trial judge’s most prudent route is to advise the defendant thereof.